[Civil No. 2205.  Filed January 24, 1925.]

[232 Pac. 554.]

GEORGE W. P. HUNT, Governor of Arizona; JAMES H. KERBY, Secretary of the State of Arizona; RICHARD H. RAMSEY, Auditor of the State of Arizona; JOHN W. MURPHY, Attorney General of the State of Arizona; WAYNE HUBBS, Treasurer of the State of Arizona, Constituting the State Land Department of the State of Arizona; and VERNON VAUGHN, State Land Commissioner of the State of Arizona, Appellants, v. E. A. SCHILLING, Appellee.

1. PUBLIC LANDS—LAND DEPARTMENT MAY NOT SET ASIDE FINAL DECISIONS.—Land Department cannot set aside its final decisions, which terminate its jurisdiction.

2. PUBLIC LANDS—LAND DEPARTMENT RETAINS SUPERVISORY JURISDICTION OVER STATE LAND COMMISSIONER.—Laws of 1919, chapter 166, providing for appeal from Land Commissioner as well as state Land Department, *held* not to take away Department's supervisory jurisdiction over Commissioner so as to invalidate final order of Department reversing Commissioner.

3. MANDAMUS—OFFICER, WHOSE DUTY IT IS TO ACT, PROPER PARTY TO BE COMMANDED.—Officer whose duty it is to act, not his superior, is proper party to be commanded.

2. Conclusiveness of decisions or findings of Land Department, see note in L. R. A. 1918D, 597.

See (1, 2) 32 Cyc., p. 1098.   (2) 26 Cyc., p. 280 (1926 Anno.).

On motion for rehearing of an appeal from a judgment of the Superior Court of the County of Maricopa. F. C. Struckmeyer, Judge. Motion for rehearing denied.

For original opinion, see *ante,* p. 1, 229 Pac. 99.

Mr. John W. Murphy, Attorney General, Mr. A. R. Lynch, Mr. Earl Anderson and Mr. E. W. McFarland, Assistant Attorneys General, and Messrs. Baker & Whitney, for Appellants.

Mr. John C. Gung'l and Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

LOCKWOOD, J.—This matter comes up on a motion for rehearing. There are three reasons assigned by the appellant in his motion. The first is substantially that the court erred in holding that the Land Department, being a body exercising judicial discretion and of limited jurisdiction, had no authority to set aside its own final decisions, unless the statute giving it judicial power specifically so provided. The second is that under the Laws of 1919, chapter 166, there is no longer any appeal from the decision of the state Land Commissioner to the Land Department, and that therefore the order of the state Land Deparment which we hold to be final was made without jurisdiction. The third is that *mandamus* does not lie to compel a subordinate officer to perform an act in violation of the orders of his superiors in authority, and that since the Land Department had ordered the state Land Commissioner to do certain things, the Commissioner cannot be commanded by *mandamus* to violate the orders of his superiors. There are also the general allegations that a number of points were raised

in the appeal which the Land Department wishes decided for its own future guidance.

So far as the first point is concerned, we see no reason to recede from our original position. We have held squarely in at least two cases that inferior tribunals acting judicially cannot grant a rehearing and that their jurisdiction terminates with their decision. *Johnson* v. *Betts,* 21 Ariz. 365, 188 Pac. 271; *State* v. *Board,* 14 Ariz. 222, 127 Pac. 727. To hold now to the contrary would be to oppose the well-established law of this state and would be against the overwhelming weight of authority elsewhere. If the Land Department feels that it needs further jurisdiction, it has only to appeal to the legislature for relief, and doubtless that body will grant such relief if it be advisable.

I am well aware of the rule in the federal Land Office, permitting the Secretary of the Interior to change his decisions at will. This rule is so contrary to general principles of law that I do not feel it should be followed, unless there are imperative reasons for doing so. It will be observed that there is no appeal from the decision of the Secretary of the Interior, and his findings, even in matters reviewable to the courts, are final on the facts, in the absence of fraud, imposition, and mistake. *Carr* v. *Fife,* 156 U. S. 494, 39 L. Ed. 508, 15 Sup. Ct. Rep. 427 (see, also, Rose's U. S. Notes); U. S. Comp. Stats., vol. 1, p. 369, note. This being so, there is an excuse of necessity in the departure from the general rule in the federal Land Department, for it may well be argued that since Congress has allowed no appeal from the decision of the Secretary of the Interior, it is necessary he should have the right of rehearing and review, to prevent injustice being done. But with us this necessity does not arise. If either the Commissioner or the Land De-

partment err, the legislature has provided an ample remedy. The aggrieved party may appeal to the superior court, where every question passed on by the Land Department is heard *de novo,* with the right of final appeal to this court. If we follow the ruling in regard to the federal Land Office, we are by judicial legislation establishing a court having powers far in excess of our superior courts. They, while courts of record and of general jurisdiction, are limited by law as to the time and circumstances under which their powers of review can be exercised. *It* would have *no* limit in that respect, except the accrual of vested rights.

Has the superior court, two years after a final decision, which has been taken to a higher tribunal on appeal, the right, after the appeal has been dismissed, without even notice to the interested party, to reverse its decision? Yet that is what the Land Department in the case at bar attempted to do. I cannot conceive the legislature, in establishing the Land Department, intended to give it judicial powers so greatly in excess of those granted bodies like the Corporation Commission and the various boards of equalization, particularly when it carefully provided a remedy against error like the trial *de novo* granted in the act of 1919.

So far as the second point is concerned, I do not find where the act of 1919 takes away from the Land Department the supervisory jurisdiction over the Commissioner which we held was given when we decided *Campbell* v. *Caldwell,* 20 Ariz. 377, 181 Pac. 181. The act merely provides an additional remedy of appeal made from the decision of the Land Commissioner or from the Land Department itself. I cannot agree with counsel that the appeal can be taken only from the decision of the Commissioner. The act expressly states that the appeal

may be taken "from any decision of the Commissioner of the state Land Department and from the state Land Department."

If the decision of the Commissioner is final, why was an appeal provided for from the Department? It surely is not to be seriously contended that the act of 1919 in its few short provisions was meant to make the Land Commissioner entirely independent of the Department. The supervisory jurisdiction of the Land Department over the Land Commission still exists, unless the matter is taken out of the Land Department by an appeal from the decision of the Commissioner himself.

It is argued that an adequate remedy at law was an appeal from the decision of the Commissioner of the Land Department instead of an action for *mandamus,* but the appellant in this case is satisfied with the only legal decision of the Department and has nothing which he wishes to appeal from. All he asks is that the Land Department through its Commissioner will carry out its own decision, and if it will not it is difficult to see how else he could compel it to act.

I do not think that the last point made is worthy of serious consideration. As stated by appellee, if we ordered the Land Department to act, their reply would be that they had already decided what the Commissioners should do and that their jurisdiction was exhausted. The officer whose duty it is to act is the one who must be commanded, and it will hardly be contended that any subordinate officer will refuse to act upon the order of the Supreme Court of this state merely because some intermediate authority might suggest that he should do differently.

So far as the various points of procedure suggested by the appellant are concerned, I feel that we

have already passed on all necessary to a determination of this case. Should they arise properly in another case and be essential to its determination, they will doubtless be given full consideration by the court.

The motion for rehearing is denied.

McALISTER, C. J., and ROSS, J., concur.