[Civil No. 2498.   Filed April 19, 1926.]

[245 Pac. 282.]

ALFRED J. PETERS, Plaintiff, v. CLAUDE S. BERRYMAN, as Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa, Defendant.

1. MANDAMUS—FINDINGS OF FACTS BY REFEREE APPOINTED ON HEARING IN MANDAMUS PROCEEDING WILL NOT BE DISTURBED, IF REASONABLY SUPPORTED BY THE EVIDENCE.—Where, on hearing in a *mandamus* proceeding, a referee is appointed to take testimony and make findings, *held*, if such findings are reasonably supported by the evidence, Supreme Court will accept them as true and will not weigh the evidence.

2. APPEAL AND ERROR — AGREEMENT BY COURT CLERK THAT APPEAL BOND SHALL BE IN A SPECIFIED SUM, AND ACCEPTANCE OF BOND IN SUCH SUM, RAISES LEGAL CONCLUSION THAT CLERK ESTIMATED PROBABLE COSTS OF APPEAL (CIV. CODE 1913, PAR. 1238).—Where court clerk, after having had conversation with attorney to determine amount of client's appeal bond, agreed that bond should be $100, and accepted a bond in that sum, *held*, that such act legally constituted an estimate of the probable costs at $50, under Civil Code of 1913, paragraph 1238.

3. APPEAL AND ERROR—ESTIMATION BY CLERK OF AMOUNT OF PROBABLE COSTS OF APPEAL, AND ACCEPTANCE OF THAT AMOUNT IN CASH IN LIEU OF BOND, HELD TO PERFECT APPEAL (CIV. CODE 1913, PARS. 1237, 1238, 1246).—Where court clerk estimated probable costs of an appeal, and fixed amount of bond, pursuant to Civil Code of 1913, paragraph 1238, and within time required by statute the amount in cash was deposited in lieu of the appeal bond, as provided in paragraph 1246, *held*, under paragraph 1237, the appeal had been perfected.

4. APPEAL AND ERROR—CLERK OF COURT AFTER ESTIMATING PROBABLE COSTS OF APPEAL, AND THE APPEAL IS PERFECTED, HAS NO JURISDICTION TO RE-ESTIMATE THE COSTS (CIV. CODE 1913, PARS. 1237, 1238).—Clerk of trial court in estimating probable costs of an appeal, under Civil Code of 1913, paragraph 1238, acts in *quasi*-judicial capacity, and thus when appeal is perfected by filing bond, under paragraph 1237, his jurisdiction is terminated.

2.   See 18 R. C. L. 363.

5. APPEAL AND ERROR—ACCEPTANCE OF CASH IN LIEU OF AN APPEAL BOND PREVIOUSLY FILED ON WHICH CLERK'S APPROVAL WAS NOT INDORSED WAS APPROVAL OF BOND (CIV. CODE 1913, PAR. 1238).— Where appeal bond was filed by clerk, but no approval was indorsed thereon, and cash was subsequently accepted in lieu thereof, *held,* acceptance of cash was *ipso facto* approval, within meaning of Civil Code of 1913, paragraph 1238, providing for approval of appeal bonds.

6. MANDAMUS—AFTER AN APPEAL HAS BEEN PERFECTED, MANDAMUS WILL ISSUE TO COMPEL COURT CLERK TO SEND UP THE RECORD, WHERE HE REFUSES BECAUSE ERROR WAS MADE IN ESTIMATING PROBABLE COSTS (CIV. CODE 1913, PARS. 1237, 1238, 1246).— Where clerk fixed amount of appeal bond, accepted bond in that sum, and subsequently accepted cash in lieu thereof, *held,* that, in view of Civil Code of 1913, paragraphs 1237, 1238, 1246, clerk cannot refuse to send up record to Supreme Court on discovering error in estimating costs, and *mandamus* will issue against him.

7. APPEAL AND ERROR—QUESTION, IF ANY, AS TO SUFFICIENCY OF AMOUNT OF AN APPEAL BOND, AFTER APPEAL IS PERFECTED, IS DETERMINABLE ONLY BY SUPREME COURT.—Where, after an appeal has been perfected, there is any question as to the sufficiency of the amount of appellant's bond, it must be determined on proper application to Supreme Court, and not by the clerk of trial court.

See (1) 38 C. J., p. 924, n. 67 New; 34 Cyc., p. 853, n. 43.   (2, 3) 3 C. J., p. 1116, n. 27, p. 1160, n. 27, p. 1161, n. 40.   (4) 3 C. J., p. 1162, n. 44.   (5) 3 C. J., p. 1174, n. 9.   (6, 7) 3 C. J., p. 1162, n. 44, p. 1195, n. 3; 4 C. J., p. 461, n. 23.

Original proceeding for Writ of Mandamus.   Writ granted.

Mr. Leon S. Jacobs and Mr. Joseph E. Morrison, for Plaintiff.

Mr. Arthur T. La Prade, County Attorney, Mr. Gene S. Cunningham, Assistant County Attorney, and Messrs. Armstrong, Lewis & Kramer, for Defendant.

LOCKWOOD, J.—Alfred J. Peters, hereinafter called plaintiff, was engaged in certain litigation in the superior court of Maricopa county.   Being desirous of appealing from the judgment of that court, his

attorney, Joseph E. Morrison, took up with the office of the clerk of the superior court of said county the question of the amount of the appeal bond to be given. Mr. Morrison had some conversation over the telephone with N. C. Moore, one of the deputies in the clerk's office, and as a result of that conversation prepared an appeal bond in the sum of one hundred dollars, which was, in proper form, signed by plaintiff and two sureties, and took the same to the clerk's office. The bond was delivered to Mr. Moore and, after a little conversation, he took it, placed his filing mark thereon, and filed it among the records in the office, but did not indorse thereon expressly an approval of the bond.

Some days thereafter the attorneys for Taylor, the prevailing party in the case, filed exceptions to the bond, and a hearing was duly set. On the day of the hearing plaintiff herein deposited with the clerk of the court the sum of one hundred dollars in cash in lieu of the appeal bond which had theretofore been given, and received from Mr. Moore a receipt for the one hundred dollars. Two days thereafter Claude S. Berryman, the clerk of the superior court, hereinafter called defendant, issued an order disapproving the bond, and estimating the probable costs of the appeal in the sum of five hundred dollars. Plaintiff, after various proceedings, failed and refused to give an appeal bond in the sum of one thousand dollars, claiming that he had already made the deposit in lieu of the bond necessary under the statute. He requested defendant to transmit to this court the record necessary on appeal, and on the latter's refusal to do so, applied in this court for a writ of *mandamus* compelling him to send up the record on the appeal.

On a hearing before the court, the things set forth above were admitted to be true, but there was a dis-

pute in regard to certain other matters of fact, and a referee was appointed to take testimony and make findings, which was duly done, and the findings are now before us.

Among these findings are the following:

"The referee finds from these acts on the part of Mr. Morrison and Mr. N. C. Moore that the result of the conversation on that day was an agreement between them that the amount of the appeal bond in said case should be the sum of one hundred dollars. The referee further finds that, at the time Mr. N. C. Moore as deputy clerk made this agreement with Mr. Morrison as attorney for Mr. Peters, he had made no examination, nor did he make any examination at the time of the papers and records of the case of *A. J. Peters* v. *George Taylor et al.* (No. 20414—B), and that he was under a misapprehension as to the size and extent of the record in the case, and that this misapprehension was partly due to the aforesaid conversation with Mr. Morrison.

"The referee further finds that Mr. Morrison made no misstatement of facts to Mr. N. C. Moore, but merely called to the attention of Mr. Moore certain facts that would tend to reduce the amount of the probable costs on appeal, and assumed that Mr. Moore would take care of the matter from the standpoint of protecting the other part of the litigation. Mr. Morrison did not in any way go beyond what may properly be done by an attorney on behalf of his client in endeavoring to secure for a client in straitened financial circumstances as low an appeal bond as possible.

"The referee further finds that on or about November 5th, 1925, Mr. Jacobs and Mr. Morrison, as attorneys for Mr. Peters, presented an appeal bond for the sum of one hundred dollars to Mr. N. C. Moore in the Clerk's office as the appeal bond for Mr. Peters in said case. . . . Mr. Moore did not object to receiving the bond offered, nor did he assert that Mr. Morrison had misrepresented the facts to him. He accepted the bond and marked it filed, in the presence of Mr. Morrison

and Mr. Jacobs, but did not indorse any approval thereon, and the question of the approval of the bond was not mentioned by anyone at the time. . . .''

The whole case depends upon the construction of paragraphs 1237, 1238 and 1246, Revised Statutes of Arizona of 1913, Civil Code. These read as follows:

''1237. The appeal shall be deemed perfected when the notice is given and the bond or undertaking is filed. In cases where the appellant is not required by law to give bond on appeal, the appeal is perfected by the giving of notice.

''1238. Every appeal bond shall be executed by two or more good and sufficient sureties, or by a surety company authorized to transact business under the laws of this state, and shall be in at least double the amount of the probable costs of both the Supreme Court and the superior court, to be estimated by the clerk of the superior court, and conditioned that the appellant will prosecute his appeal to effect, and will pay all costs which have accrued in the superior court. . . . Such bonds shall be filed with, and approved by the clerk of the superior court.''

''1246. In lieu of the appeal bond or undertaking provided in this chapter, the appellant may deposit with the clerk of the court a sum of money equal to the penalty required for such bond, which shall be held by the clerk of the court subject to the determination of such appeal, and the same, or so much thereof as may be required for that purpose, may, by order of the Supreme Court, or of the superior court, be applied to the payment of the judgment, or of such damages and costs as. may be awarded against the appellant.''

It is contended by plaintiff that the foregoing facts show the clerk of the court did estimate the probable costs of the appeal, as provided in paragraph 1238, *supra;* that a bond in proper form and amount was duly prepared and filed with the clerk of the superior court, and in legal effect approved by him; and that

under paragraph 1237, *supra,* immediately upon such filing and approval, or at least upon the deposit of the one hundred dollars cash and its acceptance by the clerk, the appeal was perfected, the superior court lost all jurisdiction of the case, except for the purpose of preparing the record on appeal, and the clerk had no power or jurisdiction to make the later order fixing the probable costs at five hundred dollars, and the bond therefor at one thousand dollars, and that he was under the duty of transmitting the record to this court.

Defendant, on the other hand, contends that as a matter of fact he never estimated the costs of the appeal until his written estimate was filed, two days after the deposit of the cash, as aforesaid, which was the first legal estimate, as required by law, and, since plaintiff did not file a bond in accordance therewith, he was under no obligation to prepare and transmit to this court the record on the appeal. He further claims that, even admitting the transaction between Mr. Moore and Mr. Morrison might be considered as an estimate of the probable costs, yet under all the facts and circumstances of the case he had the right to re-estimate the costs, since ample time remained after such re-estimate for plaintiff to file his appeal bond in the time allowed by statute.

In a case of this nature the findings of a referee, in our opinion, are entitled to the same respect as the findings of fact made by a trial judge. If they are reasonably supported by the evidence we will accept them as true, and will not review the weight of the evidence nor substitute any conclusions which we might have made had it been presented before us. Such being the situation, the question resolves itself into two propositions of law. First, is there a conclusion of law as to whether or not the clerk did estimate

the amount of the probable costs, as provided by paragraph 1238, *supra,* before the one hundred dollars was paid him by plaintiff, which should be drawn from the findings? Second, if as a matter of law, on the aforesaid facts, such an estimate was made, has the clerk, after cash sufficient to take the place of an appeal bond on such an estimate has been deposited with and accepted by him, the right to re-estimate the costs on the ground that he did not at the time of his first estimate consider all the facts showing what the real costs would probably be?

We think that on the findings of the referee the inevitable conclusion of law is that the clerk did estimate the probable costs of appeal at the sum of fifty dollars on the day that he and Mr. Morrison had their first conversation. It is obvious the conversation was for the purpose of determining the amount of the bond. It is equally plain from the statute that as a condition precedent to such determination the clerk must estimate the probable costs of the appeal, and his estimate automatically fixes the minimum bond at double that amount. He has no authority to make any agreement with counsel based on anything else than such estimate. Such being the case, when it appears as a matter of fact that he, after discussing some, at least, of the elements of costs, agreed that the bond should be one hundred dollars, and accepted, without suggestion of any other amount, a bond in that sum, and thereafter took a cash deposit in lieu thereof, it cannot be conceived of as legally anything else but an estimate of the probable costs at fifty dollars. The fact that he did not examine the records of his office to ascertain the size of the record or the various costs which had already been incurred has no bearing on the question. In fixing the probable costs the clerk is not obliged to express his finding in any particular way,

nor is he required to resort to any particular source of information. Some of these sources may be accurate, as the court costs already incurred; some are necessarily based on reasonable information, as the cost of the abstract of record; and some are purely a matter of conjecture, as the size of the briefs. The first two items are more readily accessible to the clerk than to anyone else. If he desires to trust to his memory or the memory of some other person as to what they may be rather than examine the records, and to express the estimate indirectly, as by stating the amount of the bond to the party, instead of stating the estimate and leaving the single computation of the bond to the latter, that is his privilege, and he cannot be heard to complain because it appears afterwards that, without any fraud or imposition, he has made a mistake on the amount. Of course, if he had been wilfully misled or defrauded in the matter, a very different situation would appear, but this is expressly negatived by the referee's findings.

Such being the case, it appears that defendant, acting through his deputy, did estimate the probable costs of appeal at the sum of fifty dollars, and that in pursuance thereof and in the time required by statute the sum of one hundred dollars in cash was deposited in lieu of the appeal bond required by law. Under paragraph 1237, *supra,* this, undoubtedly, perfected the appeal.

Did the clerk, then, when he discovered the error in the amount, have jurisdiction to re-estimate the probable costs? We think not. It is undoubtedly the law that when an appeal is perfected the lower court loses jurisdiction of the case, except for such purposes as are either expressly or impliedly given by law, such as to see that the record is properly transmitted to the appellate court. There is no express provision

of the statute allowing the clerk to re-estimate the costs. In performing the duty of estimating them, he is acting in a *quasi*-judicial capacity, and we have three times held that—

"Inferior tribunals acting judicially cannot grant a rehearing, and . . . their jurisdiction terminates with their decision." *Hunt* v. *Schilling,* 27 Ariz. 235, 232 Pac. 554; *Johnson* v. *Betts,* 21 Ariz. 365, 188 Pac. 271; *State* v. *Board of Supervisors,* 14 Ariz. 222, 127 Pac. 727.

The sole remaining point for consideration is whether or not the facts show that the bond was "approved" by the clerk as provided by section 1238, *supra.* Whatever might be said as to the original bond, we think there can be no doubt that the acceptance of the cash by the clerk had this effect. It is, of course, true that it was accepted in lieu of the bond already given, and had neither more nor less value than it would have had had plaintiff deposited the cash in the first place, and under the same circumstances that he filed his bond. The approval of the clerk goes to two things: The form of the bond, and the acceptance of the sureties. When money is deposited, the law takes care of the form of the bond, and the cash automatically justifies itself as surety thereon. There being nothing left under such circumstances to approve, the mere taking of the cash is *ipso facto* an approval.

We therefore conclude that plaintiff has duly perfected his appeal, and it is the duty of defendant to prepare the record in accordance with statute and transmit it to this court, and plaintiff is entitled to his writ as prayed for. If there be any question as to the sufficiency of the amount of his bond, it must be determined on a proper application by this court, and not by the clerk of the superior court.

The referee having in the course of his duties incurred expenses in the sum of $48.60 for stenographic assistance, it is ordered the same be taxed as costs against the defendant.

Let the writ issue as prayed for.

McALISTER, C. J., and ROSS, J., concur.