[Civil No. 395.  Filed January 30, 1894.]

[35 Pac. 982.]

JUANA WALKER, a Minor, by ROSETTA JONES, her Guardian, Petitioner, v. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT IN AND FOR PINAL COUNTY, and OWEN T. ROUSE, Judge of said Court, Respondent.

1. WRIT OF PROHIBITION—APPEAL—TO TEST JURISDICTION—ADEQUACY OF REMEDY BY APPEAL OR ERROR.—A writ of prohibition will not issue against the district court to prevent the hearing of an appeal from probate court for the reason of want of jurisdiction in said court to hear said appeal because of the failure to file a sufficient appeal-bond, the remedy by appeal or error being adequate in this case.

2. SAME—ADEQUACY OF REMEDY BY APPEAL—DETERMINED UPON APPLICATION.—If there are cases in which the remedy by appeal or error might not be considered adequate, that question, with the question of jurisdiction, should be left to be decided upon the application.

3. SAME—GROUNDS FOR—EXPENSE AND DELAY OF TRIAL AND APPEAL.— To be put to trial and then to appeal, with its attendant expense and delay, is no reason for granting a writ of prohibition.

PETITION for a Writ of Prohibition.

The facts are stated in the opinion.

Fitch & Campbell, and Bethune & McCabe, and J. B. Woodward, for Petitioner.

W. H. Barnes, Kibbey & Israel, and William R. Stone, for Respondent.

The writ of prohibition is an extraordinary writ, to issue only when there is no other adequate remedy.  High on Extraordinary Remedies, sec. 762; *Thomas* v. *Mead,* 36 Mo. 232; *People* v. *Works,* 7 Wend. 486; *Ex parte Roundtree,* 51 Ala. 42; *Quimbo Appo* v. *People,* 20 N. Y. 531; *Maurer* v. *Mitchell,* 53 Cal. 289; *People* v. *Election Commissioners,* 54 Cal. 404; *Spring Valley Water Works* v. *San Francisco,* 52 Cal. 111.

It is not a writ of right, but it is discretionary with the

court having power to issue such writ, and the order refusing
or granting the writ is not appealable. It should be issued
only in cases of extreme necessity, and not for grievances
which may be redressed by ordinary proceedings at law. It
cannot be made to perform the functions of an appeal, a writ
of error, or a *certiorari,* its purpose being to prevent any
usurpation of jurisdiction. *Ex parte Gordon,* 1 Black, 503;
*Ex parte Warmouth,* 17 Wall. 64; *Ex parte R. R. Ferry Co.,*
104 U. S. 519.

"The broad governing principle is, that prohibition lies
where a subordinate tribunal has no jurisdiction at all to deal
with the cause or the matter before it." It does not lie when
the inferior court has jurisdiction to deal with the cause, how-
ever erroneous its decision may be. It issues only in cases of
extreme necessity, and before it can be granted it must appear
that the aggrieved party has applied in vain to the inferior
court for relief. The jurisdiction is exercised by appellate or
superior courts to restrain inferior courts from acting without
authority of law. It does not lie for grievances which may
be redressed in the ordinary course of judicial proceedings by
appeal or writ of error. High on Extraordinary Remedies,
secs. 765, 770, 771; *Wreden* v. *Superior Court of Stanislaus
County,* 55 Cal. 504; *Washburn* v. *Phillips,* 2 Met. 296; *Super-
visors of Bedford* v. *Wingfield,* 27 Gratt. 329; *State ex rel.
Hernandez* v. *Monroe,* 33 La. Ann. 923; *Ex parte Hamilton,*
51 Ala. 62; *People* v. *Westbrook,* 89 N. Y. 152; *People* v.
*Marine Ct.,* 36 Barb. 341.

It should not be granted except in a clear case of want of
jurisdiction in the court whose action it is sought to prohibit.
*Hart* v. *Tylor,* 61 Ga. 156.

It is never allowed except in cases of a usurpation of power,
and not then unless other existing remedies are inadequate to
afford relief. *State* v. *Braun,* 31 Wis. 600; *Ex parte Green,*
29 Ala. 52; *Ex parte Smith,* 34 Ala. 456; *Jack* v. *Adair,* 33
Ark. 161; *People* v. *Supervisors of Kern County,* 47 Cal. 81,
584.

It will not lie if the inferior court has jurisdiction of the
subject-matter. *Ex parte Peterson,* 33 Ala. 74; *Ex parte
State,* 51 Ala. 60; *Murphy* v. *Superior Court of Colusa County,*
58 Cal. 520; *Postlewaite* v. *Ghiselin,* 97 Mo. 424; *Wilson* v.
*Berkstresser,* 45 Mo. 283; *Mastin* v. *Sloan,* 98 Mo. 252; *State*

*ex rel. U. D. R. R. Co.* v. *Southern Ry. Co.,* 100 Mo. 59, 13 S. W. 398.

Jurisdiction of the subject-matter means the power to hear and determine cases of the class to which the proceeding belongs. *Leonard* v. *Sparks,* 117 Mo. 103, 38 Am. St. Rep. 646, 22 S. W. 877; *Musick* v. *Kansas City etc. Ry. Co.,* 114 Mo. 315, 21 S. W. 491; *Hope* v. *Blair,* 105 Mo. 93, 24 Am. St. Rep. 366, 16 S. W. 595; *Cooper* v. *Reynolds,* 10 Wall. 316.

The district court has jurisdiction of appeals from probate and justice of the peace courts. Rev. Stats. Ariz., sec. 1298.

BAKER, C. J.—In this matter there was an appeal taken from the probate court of Pinal County to said district court from a judgment finding the petitioner to be an heir at law of one John D. Walker, deceased. It is claimed that a sufficient bond on appeal was not filed, and therefore said district court acquired no jurisdiction to hear and determine such appeal. The petitioner appeared and moved said district court to dismiss the appeal for want of jurisdiction, and upon such petition being denied, and the appeal being about to be heard, she prays us to issue a writ of prohibition against said court to prevent the hearing of the appeal, for the reason of want of jurisdiction. The question of a want of jurisdiction in the supreme court to issue such a writ by virtue of its original jurisdiction was extensively argued at the hearing, but, inasmuch as the determination of that question is not necessary to the conclusion which we have reached, we do not express any opinion upon that subject. If the power exists in this court to issue the writ, the petitioner, we are convinced, has an adequate remedy by appeal or error from the action of the district court; and it is everywhere agreed that in such case the writ will not issue. Any other course, ordinarily, would bring all civil cases where jurisdictional questions are involved to this court by the writ, instead of appeal or error, a course not authorized by our practice. *People* v. *District Court,* 11 Colo. 574, 19 Pac. 541. There may be—we do not say there are—cases where the remedy by appeal or error might not be considered adequate, and the writ would issue; but even then we think that the question whether the remedy by appeal or error is adequate should be left, along with the question of jurisdiction, to be decided upon the application. 2 Spelling on

Extraordinary Relief, par. 1732. We are content to say the remedy by appeal or error, in this instance, is amply suffi-, cient. The mere fact that to be put to trial and then to the appeal necessitates an expense and some delay is no answer to the conclusion. All litigation is, unhappily, attended with the same results. The writ is denied.

Sloan, J., and Hawkins, J., concur.

Rouse, J., not sitting.