[Civil No. 695.    Filed March 21, 1901.]

[64 Pac. 439.]

THE CROWNED KING MINING COMPANY, a Corporation et al., Plaintiffs, v. THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE TERRITORY OF ARIZONA, and ORRIN F. PLACE. Defendants.

1. SUPREME  COURT — JURISDICTION — POWER — WRIT OF PROHIBITION— MAY BE ISSUED ALTHOUGH NOT MENTIONED EO NOMINE IN STATUTE —REV. STATS. U. S., SECS. 1866, 1868, AND REV. STATS. ARIZ. 1887, PARS. 591, 594, CITED AND CONSTRUED.—Section 1866 of the Revised Statutes of the United States provides that original and appellate jurisdiction of territorial courts shall be limited "by law."  Section 1868 of the Revised Statutes of the United States provides that the supreme courts of every territory shall possess chancery as well as common-law jurisdiction.  Paragraph 591 of the Revised Statutes of Arizona of 1887 vests the supreme court, in addition to the powers conferred on it by the laws of the United States, with full powers to discharge all duties required of it by the laws of the territory.  Paragraph 594, *supra*, gives the court power to issue all writs necessary to a complete exercise of the powers conferred by law.  *Held*, that the power of the supreme court to issue writs of prohibition has been conferred by Congress, and recognized by the territorial legislature, although no statute may exist which mentions the writ of prohibition *eo nomine*.

2. WRIT OF PROHIBITION—WHEN ISSUES AS MATTER OF RIGHT—WHEN DISCRETIONARY WITH COURT.—Where it appears that a court whose action is sought to be prohibited has clearly no jurisdiction of the cause originally, or of some collateral matter arising therein, a party who has objected to the jurisdiction at the outset, and has no other remedy, is entitled to a writ of prohibition as a matter of right.  But where there is another legal remedy, by appeal or otherwise, or where the question of the jurisdiction of the court is doubtful, or depends on facts which are not made matter of record, or where the application is made by a stranger, the granting or refusal of the writ is discretionary.

3. SAME—SAME—SAME—FACTS REVIEWED AND WRIT DENIED.—Defendant brought suit against a foreign corporation and other persons, some of whom were non-residents, alleging that the corporation owned the property and was doing business in the county where the action was commenced, and that plaintiff and the managers of the corporation were residents of said county, and that the corporation, through its managers, was operating its property in such manner as to be detrimental to the interests of plaintiff, who was largely interested therein, and alleging other matters which could only be questioned in a court of the corporation's domicile. On an application for a writ of prohibition to prohibit the district court from trying said cause, it not being clear that the district court had no jurisdiction, the writ would not issue as a matter of right; and if the district court was in error in holding that it had jurisdiction, such decision being appealable, the granting of the writ being discretionary, it would be denied.

ORIGINAL APPLICATION for Writ of Prohibition.

The facts are stated in the opinion.

E. M. Sanford, and Herndon & Norris, for Plaintiffs.

That the supreme court has power to issue an original writ of prohibition; see Organic Act, sec. 1868; *Arnold* v. *Shields,* 5 Dana, 18, 30 Am. Dec. 670; *Clough* v. *Curtis,* 134 U. S. 361, 10 Sup. Ct. 573; *Ferris* v. *Higley,* 20 Wall. 375; *Yearian* v. *Spiers,* 4 Utah, 369, 11 Pac. 618; *United States* v. *Peters,* 3 Dall. 123; *Kerr* v. *Wooley,* 3 Utah, 456, 24 Pac. 831; *Ex parte Cooper,* 143 U. S. 472, 12 Sup. Ct. 453; *Kendall* v. *Raybould,* 13 Utah, 226, 44 Pac. 1034; *People* v. *Works,* 7 Wend. 486.

Robert E. Morrison, and Kretzinger, Gallagher & Rooney, for Defendants.

If the court has jurisdiction over any part of the subject-matter of a suit, it is no case for a prohibition. *Queen* v. *Twiss,* 4 L. R. 2 H. L. 413; *State* v. *District Court,* 22 Mont. 220, 56 Pac. 219; *State* v. *Benton,* 12 Mont. 66, 29 Pac. 425.

When a foreign corporation enters a state to transact business and establishes an agency there, the local courts have the same jurisdiction over it as over domestic corporations. *La Fayette* v. *French,* 18 How. 404; *Libby* v. *Hodgdon,* 9 N. H. 396.

The territory of Arizona has the right to make complete

submission to the jurisdiction of its courts a condition to the transaction of business within its limits. *Paul* v. *Virginia,* 8 Wall. 168; *Orient Ins. Co.* v. *Daggs,* 172 U. S. 557, 19 Sup. Ct. 281; *Macke* v. *Valley Town Min. Co.,* 89 Fed. 114; *Ernst* v. *Rutherford,* 38 App. Div. 388, 56 N. Y. Supp. 403.

Any court will entertain a suit to afford redress against frauds such as are alleged in this case if it can obtain personal jurisdiction over the perpetrators thereof by the legal service of process. *March* v. *Railway Co.,* 40 N. H. 548, 77 Am. Dec. 732; *Railway Co.* v. *Wallace,* 50 Miss. 244.

On the general question of the suability of foreign corporations, see *St Clair* v. *Cox,* 103 U. S. 330; *Railway Co.* v. *Harris,* 12 Wall. 65; *Hayden* v. *Androscoggin Mills,* 1 Fed. 92; *Young* v. *Providence,* 150 Mass. 550, 23 N. E. 579; *Shields* v. *Union etc. Ins. Co.,* 119 N. C. 380, 25 S. E. 951; *Telephone Co.* v. *Turner,* 88 Tenn. 265, 12 S. W. 544.

STREET, C. J.—The plaintiffs applied for a writ of prohibition in the supreme court, to be directed to the district court of the fourth judicial district of the territory of Arizona, in and for the county of Yavapai, and to Orrin F. Place, to prohibit said court and party from proceeding further in a suit brought in said district court by said Orrin F. Place against these plaintiffs. The defendants make answer to a rule to show cause why such writ of prohibition should not be issued, and plead: First, want of jurisdiction in the supreme court of the territory of Arizona to issue any writ of prohibition, for the reason that neither the laws of the United States nor the laws of the territory of Arizona authorize the supreme court of the territory of Arizona to issue writs of prohibition in any case whatsoever; and second, that the petition filed as an application for the writ fails to show any reason for the issuance of a writ of prohibition, but affirmatively shows that the district court had jurisdiction of the subject-matter of the complaint, which was the reason alleged in the application for a right of the plaintiffs to such a writ.

First, as to the power of the supreme court of Arizona to issue writs of prohibition. The supreme court of Arizona gets its jurisdiction and grant of power direct from the Congress of the United States—First, in the provisions of its

Organic Act; and second, in other statutes passed by Congress. Section 1908 of the Revised Statutes of the United States provides: "The judicial power in Arizona shall be vested in a supreme court and such inferior courts as the legislative council may by laws prescribe." Section 1866 provides: "The jurisdiction, both appellate and original, of the courts provided for in section 1908 shall be limited by law." Section 1868 provides: "The supreme court and the district courts, respectively, of every territory shall possess chancery as well as common-law jurisdiction." It is argued by the defendants that the supreme court of Arizona is a creature of special and limited jurisdiction, and in this particular is analogous to the supreme court of the United States, and cite many cases from the decisions of the supreme court of the United States to the effect that no power is given by the constitution or by statute to the supreme court of the United States to issue such writs; that the only instance in which the supreme court of the United States shall have power to issue writs of prohibition is granted by section 688 of the Revised Statutes of the United States, which provides: "The supreme court shall have power to issue writs of prohibition in the district courts when proceeding as courts of admiralty and maritime jurisdiction." We take it to be well settled that the supreme court of the United States obtains all its jurisdiction from the constitution and the statutes of the United States, and that, unless a power is therein specially granted, the supreme court has not common law and chancery jurisdiction. The Revised Statutes of Arizona provide (par. 591): "The supreme court of this territory shall consist of the judges appointed for the territory by the president of the United States, and in addition to the powers conferred upon them by the constitution and laws of the United States they are hereby invested with full powers to discharge all the duties required of them by the laws of this territory." The two following paragraphs (592 and 593) provide for the appellate jurisdiction of the supreme court, and paragraph 594 provides: "This court, and each of the justices thereof, shall have power to issue all writs necessary or proper to a complete exercise of the powers conferred by law and by this and other statutes." It is argued by the defendants that the grant of power conferred by section 594, following immediately

after .paragraphs 592 and 593, which provide for their appel-
late jurisdiction, relates to such writs as would be necessary
for them to issue in the exercise of their appellate jurisdiction,
and can only be exercised in a particular case where the appel-
late power of the court has already been invoked, and a writ
is necessary or proper to aid or effectuate the exercise of said
appellate powers. We think that this court is not a court of
limited and special jurisdiction, but that, in addition to its
appellate jurisdiction, it has common-law and chancery powers
conferred upon it by the statutes of the United States (sec.
1868) as effectually as if the court had been created by a
state and was regulated in its jurisdiction by a state consti-
tution; and it seems to us that, if the same provisions were
contained in a state constitution governing the powers of a
court erected by a state, there could be but little doubt about
such a court being a court possessing chancery as well as
common-law jurisdiction. Section 1866 provides that the ap-
pellate and original jurisdiction of the courts shall be limited
by law, and that means that it may be limited either by con-
gressional or by legislative enactments. Such power is recog-
nized by the legislature when they say that, in addition to the
powers conferred upon them by the constitution and laws of
the United States, they are invested with full powers to dis-
charge the duties required of them by the laws of the terri-
tory. It is further apparent that they have a right to use
the common-law writs in aid of their original jurisdiction, as
well as in aid of their appellate jurisdiction, by the language
of paragraph 594, which says that they "have power to issue
all writs necessary or proper to the complete exercise of the
powers conferred by law, and by this and other statutes." By
using the language "powers conferred by law" is meant the
powers conferred by congressional law, as well as the powers
regulated by territorial enactments. If the legislature in-
tended to limit it to only such powers as were granted by the
territory, they would not have used the words "powers con-
ferred by law," but would have contented themselves with
the language "by this and other statutes." Therefore, we say
that the power of the supreme court to issue writs of prohi-
bition has been conferred by Congress, and recognized by the
territorial legislature, although no statute may exist which
mentions the writ of prohibition *eo nomine.*

The next question is whether a writ of prohibition should issue in this case. The rule, as stated by the supreme court of the United States (*In re Rice,* 155 U. S. 402, 15 Sup. Ct. 152, 39 L. Ed. 201), is: "Where it appears that a court whose action is sought to be prohibited has clearly no jurisdiction of the cause originally, or of some collateral matter arising therein, a party who has objected to the jurisdiction at the outset, and has no other remedy, is entitled to a writ of prohibition as a matter of right. But where there is another legal remedy by appeal or otherwise, or where the question of the jurisdiction of the court is doubtful, or depends on facts which are not made matter of record, or where the application is made by a stranger, the granting or refusal of the writ is discretionary." In this case an action was commenced by Orrin F. Place in the district court of Yavapai County against the Crowned King Mining Company, a corporation, and others, applicants for this writ of prohibition, some of whom were residents of Arizona and some residents of Illinois. The Crowned King Mining Company is an Illinois corporation. The complaint was long, and in its language somewhat confusing as to some of the matters alleged or attempted to be alleged. It is quite possible that it complains of grievances which could be corrected in the courts of Illinois alone, and as to such matters the district court of Yavapai County could eliminate them from the complaint, or disregard them at the trial as surplusage. The complaint stating such matters gave rise to a plea upon the part of the defendants as to the jurisdiction of the district court to try any part of the complaint. The complaint, however, states other matters, and the question is whether there are such matters stated in the complaint as will give an Arizona court jurisdiction. The complaint in that particular alleges that the Crowned King Mining Company is owning mines and operating the same in Yavapai County, Arizona; that the plaintiff is a resident of Yavapai County, Arizona, and is largely interested in the company and its management, and that the managers of the operations of the mines for the company are residents of Yavapai County, Arizona; and alleges that they, and the company through them, are working and operating the property in such a way as to be detrimental to the interests of the plaintiff. It is not our province to determine whether the com-

plaint sufficiently states a cause of action, but it is our province to determine whether the district court would have jurisdiction over the subject-matter of the cause of action attempted to be stated. The district court, in considering the plea as to its jurisdiction, took into consideration such matters, either completely or indifferently stated, and held that the district court of Yavapai County had jurisdiction of a part of the subject-matter of such complaint, and overruled the plea to the jurisdiction. Under the rule laid down by the supreme court of the United States, it is plain the applicants could not obtain a writ under the first subdivision. Under the second subdivision the issuance of the writ would be under the discretion of the court, and, this court adjudging that, if the district court of Yavapai County has made a mistake as to the jurisdiction of the subject-matter of the complaint, it is plainly such an appealable order that a writ of prohibition should not issue. A writ of prohibition is denied.

Davis, J., and Doan, J., concur.