[Civil No. 1759.   Filed March 22, 1920.]

[188 Pac. 271.]

IRA J. JOHNSON, Appellant, v. AMOS A. BETTS, F. A. JONES and D. F. JOHNSON, Constituting the Corporation Commission of the State of Arizona, Appellees.

1. INSURANCE—CORPORATION COMMISSION UNDER INSURANCE LAWS OR ITS RULES, HAS NO POWER TO GRANT REHEARING OF CHARGES AGAINST INSURANCE AGENT.—Under Civil Code of 1913, paragraph 3414, providing for issuance of licenses to insurance agents, and Laws of 1915, chapter 58, making it unlawful for a foreign insurance company to write or accept any insurance policy except through its lawfully appointed and authorized agent, and providing that when a solicitor or agent accepts an application from any person not provided with a certificate the commission shall, upon due proof or notice, suspend or revoke the certificate of such agent or solicitor, the Corporation Commission, which is authorized to hear such charges, has no power to grant a rehearing after having once disposed of the charges in favor of the insurance agent, nor can it grant a rehearing under its rules promulgated pursuant to Constitution, article 15, section 6, declaring that all applications relating to matters over which the commission has jurisdiction and which are not covered by preceding rules shall be made by a petition; the procedure being such as the commission may prescribe.

2. INSURANCE — CORPORATION COMMISSION CANNOT, IN PROCEEDING AGAINST INSURANCE AGENT, EXERCISE POWERS UNDER PUBLIC SERVICE CORPORATION ACT.—The Corporation Commission cannot, having disposed in favor of an insurance agent of a charge that he accepted an application for a life policy procured by one not a licensed agent, grant a rehearing by virtue of powers conferred on it by the Public Service Corporation Act; the provisions of such act found in Civil Code of 1913, paragraph 2336 et seq., being restricted to proceedings before the commission affecting public utilities.

3. INSURANCE—POWERS OF CORPORATION COMMISSION OVER INSURANCE COMPANIES BEING STATUTORY, ONLY NECESSARY POWERS ARE IMPLIED.—While the Corporation Commission is a creature of the Constitution, and by it vested with named powers over public service corporations, its supervisory powers over insurance companies are statutory, and it is governed by the rule that special tribunals exercising special summary powers must find their authority within the statute, having no common-law or implied powers, except such as are absolutely necessary to carry out powers expressly granted.

4. INSURANCE—CORPORATION COMMISSION IN HEARING CHARGE AGAINST INSURANCE AGENT HELD TO ACT IN A JUDICIAL OR QUASI-JUDICIAL CAPACITY.—The Corporation Commission, in hearing evidence in proof of a charge that an insurance agent accepted an application for a policy procured by an unlicensed agent, is acting in a judicial or *quasi*-judicial capacity, and is also acting in such capacity in granting a rehearing.

5. PROHIBITION—PROPER REMEDY TO PREVENT JUDICIAL OR QUASI-JUDICIAL ACTION WHERE TRIBUNAL WITHOUT JURISDICTION.—The writ of prohibition is the proper remedy to prevent action of a judicial or *quasi*-judicial nature when the tribunal is without jurisdiction.

6. PROHIBITION—WRIT MAY BE GRANTED TO PREVENT CORPORATION COMMISSION FROM GRANTING REHEARING ON CHARGES AGAINST INSURANCE AGENT DESPITE OTHER REMEDIES.—Where the Corporation Commission had found in favor of an insurance agent who had been charged with accepting an application procured by an unlicensed agent, and the commission was without jurisdiction to grant a rehearing, the agent is entitled to prohibition to restrain the commission from granting rehearing, notwithstanding he had a remedy by appeal, given by Civil Code of 1913, paragraphs 2329, 2343, and he might have availed himself of *certiorari;* for neither of those remedies were adequate, as the remedy by appeal contemplates disposition of rehearing, while *certiorari* would not necessarily prevent the Corporation Commission from disposing of the rehearing.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Reversed and remanded, with directions.

Messrs. Bullard & Jacobs, for Appellant.

6. For authorities upon the question of prohibition as proper remedy to control act of Public Service Commission, see note in **Ann. Cas.** 1914D, 795.

Mr. Wiley E. Jones, Attorney General, and Mr. C. M. Gandy, Assistant Attorney General, for Appellees.

ROSS, J.—On June 6, 1918, there was filed with the Corporation Commission a complaint against appellant, charging him, as the licensed agent of the New York Life Insurance Company, with accepting an application for a policy of insurance in favor of Edwin L. Sexton, solicited and procured by one H. Herwig, the said Herwig not being a licensed or certified agent of the said New York Life Insurance Company, and with compensating or agreeing to compensate the said Herwig for soliciting such application.

The commission served appellant with notice of the charges that had been filed against him. In due course appellant filed his answer to said charges, and on October 12, 1918, a hearing was had before the commission, at which evidence was submitted in support of the charges and in support of appellant's answer. Thereafter, on the thirtieth day of October, 1918, the commission filed its decision exonerating appellant of said charges, and dismissed the complaint.

On or about January 6, 1919, the person who made the original charge filed a motion for a rehearing, which motion, on the twenty-fourth day of January, 1919, was by the commission granted. Thereafter appellant filed this suit against the commission, praying that a writ of prohibition be issued restraining the commission from proceeding with the hearing. A preliminary writ issued, but upon the final trial the relief prayed for was denied and the appellant's complaint dismissed.

The main question presented for our determination is the jurisdiction of the commission to grant the rehearing. It is contended by appellant that the commission exhausted its power to act further on the

question involved when it exonerated him from the charges, whereas appellee contends that the statutes and the commission's rules empower the commission to grant the rehearing.

Paragraph 3414, Civil Code, provides for the issuance of licenses to insurance agents to solicit business in this state. Chapter 58, Reg. Session Laws 1915, makes it unlawful for a foreign insurance company to write or accept any insurance policy except through its lawfully appointed and authorized agents, and the company violating this rule may have its certificate to do business suspended. It further provides that—

"When an agent or solicitor of any insurance company doing business in this state accepts an application for insurance from any person not provided with a certificate for a broker or an agent or solicitor as required herein, and in any way compensates or promises to compensate such person for soliciting such application, the commissioner [commission] shall, upon due proof and notice suspend or revoke the certificate of such agent or solicitor."

Chapter 58 is not an independent act, but is an amendment of the insurance law of the state as found in article 1, title 24, Civil Code, and of course must be construed in view of the whole law on that subject. By the Insurance Code, the Corporation Commission is given general supervision of all insurance companies doing business in this state. The commission's duties and powers are therein specifically enumerated, and, among others, it is empowered to supervise and regulate the licensing of agents to solicit insurance, and it may, after notice and proof, suspend or revoke such license. This clearly implies that before a license can be suspended or revoked the agent must be given a hearing by the commission and permitted, if he so chooses, to contest any charge laid against him. In this case such a hearing was had, in

which both sides introduced evidence. The Insurance Code does not provide for a rehearing in such cases.

Appellee commission seeks authority to grant a rehearing in paragraphs 2336, 2337 and 2342, Civil Code, being a part of the "Public Service Corporation Act." These provisions, however, have reference to proceedings before the commission affecting public utilities. A casual reading of them is enough to convince one of this. The act of which they are a part treats of public service corporations and their control and supervision by the commission, and the procedure therein provided was not intended to extend to a hearing or proceeding authorized by some other statute or law, to be had or held by the commission. While the language employed in paragraph 2329, Civil Code, being also a part of the "Public Service Corporation Act," is broad enough to cover and include a proceeding like this one we are considering, it clearly was not the legislative intent to have it do so, for the reason that the "Public Service Corporation Act," as originally passed (Act 90, Reg. Session 1st Legislature 1912), did not directly or by implication extend its provisions to proceedings before the commission affecting insurance companies. "All hearings and investigations before the commission or any commissioner," as used in paragraph 2329, must therefore be limited to refer to hearings and investigations before the commission or a commissioner affecting a public service corporation.

It is also contended by appellee Corporation Commission that it had power to prescribe rules and regulations to govern the proceedings in this case, expressly granted by section 6, article 15, of the Constitution, and that, in pursuance thereof, it had promulgated the following rule:

"All applications relating to matters over which the commission has jurisdiction, and which are not

governed by any of the preceding rules, shall be made by petition setting forth the name and address of the applicants and the matter with reference to which the commission's order, authorization, or permission is desired. Thereupon the procedure shall be such as the commission may prescribe.''

This rule, doubtless, would cover the original proceeding in this case, but it does not provide for a rehearing. We conclude that there is no statutory provision or rule or regulation expressly or impliedly authorizing the Corporation Commission to grant a rehearing in a proceeding of this kind.

While the Corporation Commission is a creature of the Constitution and by it vested with certain named powers over public service corporations, its supervisorial powers over insurance companies are statutory. It is well recognized that special tribunals exercising special summary powers must find their authority within the statute. They have no common-law powers nor implied powers, except such as are absolutely necessary to carry out those powers expressly granted them. In accordance with this principle, in *State* v. *Board of Supervisors,* 14 Ariz. 222, 127 Pac. 727, it was said, quoting from a Nevada case (*State* v. *Central Pac. R. Co.,* 21 Nev. 172, 26 Pac. 225, 1109):

''A board of equalization is of special and limited jurisdiction, and, like all inferior tribunals, has only such powers as are specially conferred upon it. It is essential to the validity of its action that they should be authorized by some provision of the statute; otherwise they are null and void.''

We held in that case that the board of equalization of Yavapai county could not grant a rehearing to a taxpayer because the power to do so had not been conferred upon the board by the statute. The position there taken is well sustained by the cases cited, and

we are satisfied that the rule announced is sound and determinative of the point here made.

We think, in the circumstances, appellant was entitled to the remedy he adopted. The commission, in hearing evidence in proof of the charge laid against appellant, and evidence submitted by appellant in rebuttal thereof, and in coming to a decision of the question, was acting in a judicial or *quasi*-judicial capacity, and in such capacity in granting a rehearing and the proceedings thereon. *State* v. *Tucson Gas etc. Co.,* 15 Ariz. 294, 138 Pac. 781; 22 R. C. L. 13, § 12; 32 Cyc. 601.

The writ of prohibition is the proper remedy to prevent such action when it is without jurisdiction, and there is no other plain, speedy and adequate remedy available. *Mining Co.* v. *District Court,* 7 Ariz. 263, 64 Pac. 439; *State* v. *Harty,* 276 Mo. 583, 208 S. W. 835; *State* v. *Stevens,* 34 Nev. 146, 116 Pac. 605; 22 R. C. L. 19.

The commission, having heard the evidence and rendered its decision thereon, was without power to make any other or further order looking to a rehearing. Its jurisdiction terminated with its decision, and the writ of prohibition may properly be issued to prevent further action. 22 R. C. L. 22, § 21.

It is said appellant had his remedy by appeal; that right being granted him under paragraphs 2343 and 2329, Civil Code. As we have heretofore seen, these provisions have reference to decisions of the commission affecting public service corporations, and not to a proceeding of this nature.

It is also said appellant might have availed himself of the writ of *certiorari,* and in that event he could not have recourse to prohibition. It is not enough that there existed, or may have existed, a concurrent remedy open to appellant, unless it was equally as plain, speedy and adequate as the remedy by prohibi-

tion. It should be borne in mind that the proposed unlawful action of the commission might culminate in a revocation of appellant's means of a livelihood and deprive him of a substantial property right. *Certiorari* would not, in and of itself, restrain the commission from taking such action, and would not have that effect unless the court in its discretion should see fit to stay the proceedings (paragraph 1499, Civ. Code), pending a hearing thereon; whereas prohibition immediately interdicts the threatened wrong and leaves the party in *status quo* until the commission's right to act is judicially determined. In the latter case the party's rights, if he have any, are preserved until the question of the commission's power to act is settled. In the former it is possible that his right to pursue his calling may be taken from him and he be deprived of his means of livelihood pending the court's disposition of the question.

We think, from the showing made by the petitioner, the writ of prohibition should have been awarded, and that the court erred in vacating the preliminary writ and dismissing the complaint.

The judgment of the lower court is reversed and the cause remanded, with directions that judgment be entered in accordance with this opinion.

CUNNINGHAM, C. J., and BAKER, J., concur.