[Civil No. 2717. Filed January 16, 1928.]

[262 Pac. 1005.]

TOWN OF TEMPE, a Municipal Corporation, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA, and the HONORABLE JOSEPH S. JENCKES, Judge of Said Court, Respondents.

Mr. Raymond H. Alexander and Messrs. Stockton & Perry, for Petitioner.

Mr. Charles Woolf, for Respondents.

LOCKWOOD, J.—The Town of Tempe, a municipal corporation, applied in this court for an original writ of prohibition, directed to the superior court of Maricopa county and Hon. JOSEPH S. JENCKES, as judge of said court, prohibiting said court and judge from any proceedings under or upon a certain counterclaim set forth in the answer of the defendant in civil cause No. 25917, now pending in said su-

perior court. The petition alleges the facts to be as follows:

Petitioner is a municipal corporation in Maricopa county, existing as an incorporated town under the general law of Arizona, and the owner of and engaged in the operation of an electric light and power system, furnishing electric current for its own use and that of other consumers of electricity within its corporate limits. The Tempe Cotton Exchange, a corporation, owned and operated a cotton ginning plant located within the Town of Tempe, and in the course of its operation of such gin was furnished by petitioner with a large amount of electric current. There was a dispute as to the amount due from the Cotton Exchange to petitioner in payment for such current, and a suit was brought by petitioner in the superior court of Maricopa county, No. 25917, *supra,* to collect the amount claimed by it to be due from the Cotton Exchange for such electric current. The Cotton Exchange answered, and among other things set up as one of its defenses and as a counterclaim to the suit of petitioner in substance as follows:

That it could have obtained the electric current which it used from the Salt River Valley Water Users' Association and tried to do so, but that petitioner and the association had an agreement whereby the latter would furnish no electric current to any consumers within petitioner's corporate limits without the latter's consent, and that petitioner had at all times refused to grant such consent, although often requested by the Cotton Exchange to do so; that the rate charged the Cotton Exchange and other similar institutions was fixed by an ordinance of the petitioner, and was greatly in excess of the price at which current could have been obtained from the association, was unreasonable in its amount, and was fixed by petitioner, not upon the basis of raising

money enough to pay the operating expenses of the plant, the interest on the bonds issued to build it, and three per cent per annum on the principal of said bonds, but on the basis of paying all the expenses of operation, interest, and sinking fund for the plant, and in addition thereto a large profit. The Cotton Exchange also alleged that it was compelled to take current from the petitioner, because there was no other source from which it could obtain it, and that it had taken such current and paid what it had already paid for the same under protest and compulsion. It claimed that the prices fixed by the ordinance, first, were unreasonable in themselves; second, were in excess of those permitted by law to be fixed for municipal plants; and, third, that it was unreasonable for petitioner to refuse its consent to the Exchange obtaining current from a cheaper outside source.

The petitioner herein moved in the superior court that the counterclaim and defense set up be dismissed, on the ground that the superior court had no jurisdiction of the subject matter thereof, or to inquire into or determine any of the matters or things set up therein. This motion was denied by the trial court, and petitioner applied for an original writ of prohibition in this court as aforesaid.

The contention of petitioner in substance is that under the Constitution of Arizona the courts of the state may not inquire into the reasonableness of the prices charged by any municipality thereof for electrical current furnished by it to consumers within its corporate limits; that such prices are a matter entirely within the discretion of the municipal authorities, and are subject to review only by the voters of such municipality.

Petitioner admits that these questions could be raised on an appeal from an adverse decision by the superior court, but alleges that, if the issue is tried

below, it will be put to great expense and annoyance in the securing of evidence to meet the allegations of the defense and counterclaim, and that it has no plain, speedy and adequate remedy at law, urging that an appeal would not fully protect its rights. Respondent in its return moves to quash the alternative writ, and also demurs to the petition on the ground that it does not state facts sufficient to entitle the petitioner to the writ. The motion to quash is based principally on the ground that the petition fails wholly to show that petitioner has no·plain, speedy, and adequate remedy at law.

This court has previously discussed the writ of prohibition in several cases. In the case of *Crowned King Min. Co.* v. *District Court,* 7 Ariz. 263, 64 Pac. 439, we laid down the circumstances under which it should issue as follows:

"The rule, as stated by the Supreme Court of the United States (*In re Rice,* 155 U. S. 402, 39 L. Ed. 201), 15 Sup. Ct. Rep. 152, is: 'Where it· appears that a court whose action is sought to be prohibited has clearly no jurisdiction of the cause originally, or of some collateral matter arising therein, a party who has·objected to the jurisdiction at the outset, and has no other remedy, is entitled to a writ of prohibition as a matter of right. But where there is another legal remedy by appeal or otherwise, or where the question of the jurisdiction of the court is doubtful, or depends on facts which are not made matter of record, or where the application is made by a stranger, the granting or refusal of the writ is discretionary.' "

We have followed that rule in the cases of *Miller* v. *Superior Court,* 21 Ariz. 61, 185 Pac. 357, *Sanford* v. *District Court,* 8 Ariz. 256, 71 Pac. 906, and *Van Dyke* v. *Superior Court,* 24 Ariz. 508, 211 Pac. 576, and in the case of *Walker* v. *District Court,* 4 Ariz. 249, 35 Pac. 982, we stated:

"We are content to say the remedy by appeal or error, in this instance, is amply sufficient. *The mere fact that to be put to trial and then to the appeal necessitates an expense and some delay is no answer to the conclusion.* All litigation is, unhappily, attended with the same results." (Italics ours.)

Applying the rules set forth above to the particular case before us, we think the answer is plain. The superior court had and has jurisdiction of both the subject matter of the original suit and the persons of the parties. If it has erred in allowing as a defense to the action a matter over which it had no jurisdiction, such error may be corrected on appeal to this court. The only reason suggested why the remedy by appeal is not adequate is that the petitioner would be put to considerable expense and annoyance in trying the counterclaim on its merits. As was stated in the Walker case, *supra,* this is not sufficient.

It appearing to us, from the foregoing reasons, that the writ of prohibition is not the proper remedy for petitioner in case its rights should be invaded by the superior court, it is ordered that the alternative writ heretofore issued be quashed.

ROSS, C. J., and McALISTER, J., concur.