[Civil No. 4613.   Filed July 7, 1944.]

[150 Pac. (2d)  97.]

ETHEL GRIFFIN, Appellant, v. ROBERT DENTON, J. W. SPRAY, and E. THURMAN, Members of and Constituting the Board of Supervisors of Pinal County, Arizona; and N. R. FREEMAN, Clerk of Said Board, Appellees.

Messrs. Lewkowitz & Wein, and Mr. Jacob Morgan, for Appellant.

Mr. Ronald J. Ellis, Mr. F. Preston Sult, Mr. Tom Fulbright and Mr. Chas. H. Reed, for Appellees.

ROSS, J.—This is an appeal from the Superior Court of Pinal County. It involves the validity of a judgment of that court in a *certiorari* proceeding suspending from office Ethel Griffin, treasurer and *ex-*

*officio* tax collector of that county, pending adjudication of charges made against her by the board of supervisors, to the effect that she held three checks dated October 31, 1942, for $4,228.09, signed by Peter H. Ethington, in payment of his taxes, and credited the same, although such checks had not been paid or presented for payment as late as December 31, 1942, when her account was discovered to be short. The order of suspension by the board was made January 5, 1943. The Ethington checks were paid January 6, 1943, and were for the taxes only and did not cover penalties, delinquencies and costs that had accrued.

After the order of suspension was made Griffin sued out the writ to have the order reviewed by the superior court. That court heard the matter on the pleadings and thereafter entered its judgment as above indicated.

Griffin was elected to said office at the regular election in November, 1940, for a term of two years beginning January 1, 1941. She qualified and served such term. At the November election in 1942 she was re-elected to succeed herself. She did not file her oath of office or bond for the last term, nor offer to do so, until January 16, 1943. On January 7, 1943 the board of supervisors appointed E. L. Green to such office, pending a determination of the legality of the order of suspension. On the 9th day of February, 1943 the court entered its order quashing the writ, and the appeal is from such order.

We shall not try to follow and discuss all of appellant's assignments of error as, in our opinion, they do not present the vital question upon which the case must be decided. We first inquire into the court's power in a proceeding of this kind.

The extent of review on *certiorari* is limited to a determination of whether the board of super-

visors has regularly pursued its authority, as defined in Section 28–104, Arizona Code Annotated 1939.

In *Batty* v. *Arizona State Dental Board,* 57 Ariz. 239, 112 Pac. (2d) 870, 877, we said:

"In an action for *certiorari* the court is not permitted to weigh the evidence, but may only consider whether there is any evidence showing that the inferior tribunal acted within its jurisdiction. The penalty under the facts is very severe, but the statute does not seem to provide any other one."

To the same effect are *City of Phoenix* v. *Rodgers,* 44 Ariz. 40, 34 Pac. (2d) 385; *Wall* v. *Superior Court,* 53 Ariz. 344, 89 Pac. (2d) 624; *State ex rel. Andrews* v. *Superior Court,* 39 Ariz. 242, 5 Pac. (2d) 192; *Farish* v. *Young,* 18 Ariz. 298, 158 Pac. 845.

In 5 R. C. L. 251, the rule is stated as follows:

" . . . The writ has never been employed to inquire into the correctness of the judgment rendered where the forms of the law have been followed, and where the court had jurisdiction, and was therefore competent. Hence, it has been held that the supervisory jurisdiction of the court on a *certiorari* must be restricted to an examination into the external validity of the proceedings had in the lower court. It cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case. The supervisory powers of the court should not be confounded with its appellate jurisdiction."

In 14 C. J. S., *Certiorari,* § 23, p. 167, is found this statement:

"It is the rule in not a few states that *certiorari* will lie only where there is a want or an excess of jurisdiction in the proceedings sought to be reviewed. . . ."

■ So we cannot weigh the evidence to determine whether the board of supervisors was authorized to enter the order of suspension.

██ Appellant's counsel argue most strenuously that the board's order of suspension without notice and a hearing, was void and of no effect. To sustain this proposition they cite numerous cases holding that a public officer may not be *removed* from his office until he is given a hearing on the charges made against him. We do not question this proposition generally speaking, but so far as we have seen the courts are unanimous in upholding the power to *suspend* an officer pending an investigation of charges of misfeasance or malfeasance against him. Our statute, Section 17–331, Arizona Code Annotated 1939, is worded as follows:

*"Suspension of officers for defalcation.*—If any defalcation or neglect of duty shall appear of any county assessor or county treasurer in the settlement hereinbefore provided for, the board shall forthwith suspend such officer from the discharge of any official acts, and immediately appoint some competent person to fill such office until such defalcation or neglect be finally adjudicated, and the person so appointed shall immediately give bond and qualify as such officer, as provided by law. The board shall retain in its possession all money and papers received from such defaulting or neglectful officer until the person appointed in his place has qualified, when it shall deliver the same to such person, taking his receipt therefor, and filing it with the clerk of the board."

The statutes in other jurisdictions authorizing suspension of public officers pending investigation of charges against them have been upheld. The leading case perhaps is *Daniel* v. *Citizens & Southern Nat. Bank,* 182 Ga. 384, 185 S. E. 696. It would serve no useful purpose for us to cite at length what the court said in that case disposing of the question of the power to suspend, but it discusses at great length such power and upholds it. The rule is well stated in

43 Am. Jur. 64, Sections 241 and 242, wherein it is stated in such sections, respectively:

"The suspension of public officers is a matter separate and apart from their removal. In case of a suspension, the officer is not removed, but is merely prevented for the time being from performing the functions of his office."

"The suspension of an officer pending his trial for misconduct, so as to tie his hands for the time being, seems to be universally accepted as fair and often necessary. . . . (Citing authorities)."

For the reasons herein appearing, we see no escape in this matter except to affirm the action of the board of supervisors, and the order and judgment of the superior court herein appealed from.

It is so ordered.

McALISTER, C. J., and STANFORD, J., concur.