412 P.2d 463

**Frank C. CARUSO, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, Father Ryle and the Catholic Social Service, Tucson, Arizona, Respondents.**

**No. 8699–PR.**

Supreme Court of Arizona,

En Banc.

March 23, 1966.

Healy, Laubscher & Dickerson, by F. Dale Healy, Tucson, for petitioner.

Darrell F. Smith, Atty. Gen., by Philip M. Haggerty, Asst. Atty. Gen., for respondents State of Arizona and County of Pima.

Murphy & Vinson, by John U. Vinson, Tucson, for respondent The Catholic Social Service.

BERNSTEIN, Vice Chief Justice.

Pursuant to 17 A.R.S. Rule 47(b), Rules of the Supreme Court and A.R.S. § 12-120.24, we granted a petition to review the decision of the Court of Appeals reported in 2 Ariz.App. 134, 406 P.2d 852, which quashed an alternative writ and denied a permanent writ of prohibition.

Petitioner sought a writ of prohibition to restrain the Juvenile Court of Pima County from taking any further action in a proceeding pending before it. The uncontested facts are as follows: An infant was born out of wedlock during May, 1965. The mother relinquished the child for adoption to The Catholic Social Service pursuant to A.R.S. § 8-512, subsec. B. Petitioner is the natural father of the child and filed a certificate of parental acknowledgment as provided in A.R.S. § 8-103, subsec. A, par. 1(b).

When The Catholic Social Service learned that petitioner wanted custody of the infant, it filed a petition with the Juvenile Court alleging that the child was dependent and praying the court take jurisdiction to provide for the child's care and custody. The Juvenile Court conducted a hearing, found that the infant was dependent and determined that a further hearing would be held to decide whether petitioner's parental rights should be severed so that the child might be placed for adoption. The writ of prohibition is sought to prevent the future hearing.

There has been some confusion expressed over the scope of writs of prohibition. Lesher, Extraordinary Writs in the Appellate Courts of Arizona, 7 Ariz.L.R. 34. Our most recent pronouncement was in Rothweiler v. Superior Court, 100 Ariz. 37, 410 P.2d 479 where we said a writ of prohibition is proper to prevent an inferior tribunal from acting without or in excess of its jurisdiction which may result in wrong, damage and injustice and there is no plain, speedy and adequate remedy otherwise available.

[2, 3] The first question is the meaning of the phrase "acting without or in excess of jurisdiction". To decide whether a lower tribunal has acted without jurisdiction, we examine the external validity of the proceeding. Griffin v. Denton, 61 Ariz. 454, 150 P.2d 97. This means we are interested in whether the court had jurisdiction over the subject matter, the persons and to render the particular judgment given. Sil-Flo Corporation v. Bowen, 98 Ariz. 77, 402 P.2d 22. In other words, did the court have power to hear and determine the case, rightly or wrongly. Tube City Mining and Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203. If it is shown in the preliminary stages of litigation that the lower court is without jurisdiction to proceed, this court will prevent the needless waste of time and money by issuing the writ. Loftus v. Russell, 69 Ariz. 245, 212 P.2d 91;

S. H. Kress & Co. v. Superior Court, 66 Ariz. 67, 182 P.2d 931. In Abbott v. Superior Court, 86 Ariz. 309, 345 P.2d 776 this court said:

" 'The only other question is: Would petitioner have a plain, speedy, and adequate remedy in the ordinary course of law? If there be such remedy, it must be by appeal. But it would be a difficult proposition to maintain that a defendant in a criminal case, forced through all the stages of a trial for felony without any indictment against him, or, which is the same thing in effect, upon a void indictment, would have a plain, speedy, and adequate remedy, because, after conviction and judgment, and perhaps after suffering the ignominy of imprisonment in the state-prison, he could have the illegal proceeding reversed on appeal. * * *' " 86 Ariz. at p. 311, 345 P.2d at p. 777.

A writ of prohibition may also be appropriate if the lower court acted in excess of its jurisdiction. This is different than the question of acting without jurisdiction and suggests that the lower court had jurisdiction but exercised it erroneously. This court impliedly recognized the suggested conclusion long ago in Van Dyke v. Superior Court, 24 Ariz. 508, 211 P. 576 where we approved language:

" 'That a writ of prohibition may not *ordinarily* be used as a process for the review and correction of errors committed by inferior tribunals.' " 24 Ariz. at p. 519, 211 P. at p. 580 (Emphasis added)

To decide whether a lower tribunal has acted in excess of its jurisdiction, we examine the internal validity of the proceeding. Acts in excess of jurisdiction include acts exceeding the power of the court as defined by constitution, statute or court rules followed under the doctrine of stare decisis, Abelleira v. District Court, 17 Cal.2d 280, 109 P.2d 942, 132 A.L.R. 715 approved in Duncan v. Truman, 74 Ariz. 328, 248 P.2d 879, and acts where the lower tribunal has abused its discretion. Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R.2d 1; State ex rel. Ronan v. Superior Court, 95 Ariz. 319, 390 P.2d 109.

 The second question we must consider in determining whether a writ of prohibition should properly issue is the meaning of the phrase "there is no plain, speedy and adequate remedy otherwise available." This court has said:

"It is not enough that there existed, or may have existed, a concurrent remedy open to appellant, unless it was *equally* as plain, speedy, and adequate as the remedy by prohibition." Johnson v. Betts, 21 Ariz. 365, 371–372, 188 P. 271, 274. (Emphasis added)

Other available remedies must be compared to a remedy by prohibition in each case. A writ of prohibition is appropriate if the other remedies are not equally plain, speedy and adequate. Of course, there is expense and delay in being put to a trial and then an appeal. But these facts alone will not justify issuing the writ. Walker v. District Court, 4 Ariz. 249, 35 P. 982; Emery v. Superior Court, 89 Ariz. 246, 360 P.2d 1025.

 The third question is whether there is a right to the writ where the lower tribunal is about to act without or in excess of its jurisdiction and there are no plain, speedy and adequate remedies otherwise available. In one of Arizona's earliest reported cases dealing with a writ of prohibition, this court stated that if the lower court clearly had no jurisdiction of the cause originally and the objecting party had no other remedy he was entitled to a writ of prohibition as a matter of right. Crowned King Mining Co. v. District Court, 7 Ariz. 263, 64 P. 439. See also Redewill v. Superior Court, 43 Ariz. 68, 29 P.2d 475.

 The fourth and most difficult question deals with the situation where the lower court is about to act without or in excess of its jurisdiction, but the peti-

tioner has another plain, speedy and adequate remedy available to him. The matter has always been within the sound discretion of the court. Crowned King Mining Co. v. District Court, supra. In our recent decision of Zimmerman v. Superior Court, 98 Ariz. 85, 402 P.2d 212 we cited with approval City of Phoenix v. Rodgers, 44 Ariz. 40, 34 P.2d 385 where the court said of the writ of prohibition:

"It is an extraordinary remedy granted usually only in cases of necessity, and is ordinarily a matter of sound discretion, to be granted or withheld by the court according to the nature and circumstances of the case, particularly when there is another remedy. * * * It may, however, be granted notwithstanding the existence of another adequate remedy, for it is a remedy within the sound discretion of the court to which application is made." 44 Ariz. at pp. 45–46, 34 P.2d at p. 387.

It is clear that the propriety of granting the writ depends upon the facts of each case. The guiding principle must be our obligation to see that essential justice is done.

 The next problem deals with our scope of review. In reviewing a grant of the writ of prohibition by a lower court, the Supreme Court "will not consider whether as an original proposition it would have granted such a writ but restricts its review to whether the lower court abused its discretion." State Board of Technical Registration v. McDaniel, 84 Ariz. 223, 326 P.2d 348; Arizona Corporation Com'n v. Pacific Motor Truck Co., 97 Ariz. 157, 398 P.2d 114. The Court of Appeals properly considered the writ.

Our Constitution grants to the Superior Court exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children and children under 18 years of age accused of crime. Art. 6, § 15. When exercising such jurisdiction, the Superior Court is referred to as the Juvenile Court. A.R.S. § 8–202, subsec. A. Proceedings may be initiated by a peace officer, probation officer, county resident or by the court itself. A.R.S. § 8–222. The court will conduct a preliminary investigation, as was done in this case, and if it determines that the child involved is dependent, neglected, incorrigible or delinquent, the court obtains formal jurisdiction over the child. It can thereafter make such order for the commitment, custody and care of the child as the child's welfare and the interests of the state require. A.R.S. § 8–231. The court has no jurisdiction to enter an order pursuant to A.R.S. § 8–231 until it first determines that the child is dependent, neglected, incorrigible or delinquent. In other words, the court cannot alter the custody or care of a child if that child is

not dependent, neglected, incorrigible or delinquent.

In this case, the Juvenile Court found that the infant was dependent. Section 8–201, subsec. 5 defines a dependent child as follows:

"Dependent child" includes a child who is homeless or destitute, or without proper support or care through no fault of his parent or guardian, and a child who lacks proper care by reason of the mental or physical condition of his parent, guardian or custodian.

■ We have examined the evidence presented to the Juvenile Court and there is no evidence to support the determination that the child was dependent. Evidence that a child is born out of wedlock does not alone establish dependency of the child for the natural father, as here, may acknowledge the paternity and be willing and able to provide a home and proper care.

■ Petitioner in the Juvenile Court, The Catholic Social Service, had the burden of proving that the infant was dependent. Arizona State Dept. of Public Welfare v. Barlow, 80 Ariz. 249, 296 P.2d 298; Ward v. Ward, 88 Ariz. 285, 356 P.2d 30. Moreover, it had to carry the burden by clear and convincing evidence. Application of Gault, 99 Ariz. 180, 407 P.2d 760.

The Catholic Social Service did not present any evidence except some written reports which we do not consider because the record does not show they were provided to petitioner or his counsel, nor did petitioner or counsel have an opportunity to cross examine the social worker who prepared the reports. Application of Gault, supra; 31 Am.Jur. Juvenile Courts and Delinquent, Dependent and Neglected Children, § 77, p. 338.

■ As a natural father, petitioner is entitled to the care, custody and control of his child against all others except the mother. In re Winn, 48 Ariz. 529, 63 P.2d 198. See A.R.S. § 14–846. She, of course, relinquished her rights. We will recognize petitioner's right to his child until his unfitness clearly appears or until it is shown by clear and convincing evidence that the child is dependent, neglected, incorrigible or delinquent. Application of Gault, supra; In re Winn, supra, Ward v. Ward, supra. Before the Juvenile Court can consider what disposition it can make in the best interest of the child, it must have jurisdiction. Jurisdiction in the Juvenile Court does not attach until there has been an adjudication based upon evidence that the child is dependent, neglected, incorrigible or delinquent.

■ There was no clear and convincing evidence at the Juvenile Court hearing that petitioner's child was dependent within the meaning of A.R.S. § 8–201, subsec. 5. The Juvenile Court is therefore without

jurisdiction to conduct a future hearing to decide whether petitioner's parental rights should be severed.

The opinion of the appellate division reported in 2 Ariz.App. 134, 406 P.2d 852 is vacated. The alternative writ of prohibition is made permanent.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD, and McFARLAND, JJ., concur.