509 P.2d 1068

**Alan FRIEDMAN, Petitioner,**

v.

**The JUVENILE COURT, DIVISION OF the SUPERIOR COURT, State of Arizona, IN AND FOR the COUNTY OF PIMA, and John P. Collins, Judge, thereof, Respondents.**

**No. 2 CA–CIV 1422.**

Court of Appeals of Arizona, Division 2.

May 16, 1973.

**32**

necessities of life due to idiopathic defect of double scoliosis of the spine and the parent having custody is unable to provide medical and educational care making it incumbent on the natural father to provide for his daughter both prior to her eighteenth birthday and subsequent thereto: In that [minor] is incapable of working at the average or usual type of employment and must be educated beyond the high school level in order that she may attempt to be self supporting in the future. . . ."

The petition was filed approximately two months before the minor's 18th birthday, February 26, 1973. A hearing on the petition was scheduled for February 23, 1973, at which time various motions were presented to the juvenile court and ruled on but no evidence was presented. A hearing on the petition was postponed to a subsequent date, approximately 6 weeks after the minor's 18th birthday.

Petitioner contends, and we believe correctly, that his daughter's achievement of her 18th birthday forecloses the respondent court from conducting further proceedings. Jurisdiction in the juvenile court does not attach until there has been an adjudication of dependency. Caruso v. Superior Court, 100 Ariz. 167, 412 P.2d 463 (1966); McDaniel v. McDaniel, 64 Wash.2d 273, 391 P.2d 191 (1964). It is true that the subject petition was filed before the child was 18. However, when a juvenile cause is pending and not heard on its merits prior to the time the juvenile reaches 18 years of age, the juvenile court loses jurisdiction over the cause. State v. Kramer, 72 Wash. 2d 904, 435 P.2d 970 (1967), cert. den. 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968).

Since the respondent court has lost jurisdiction, it lacks the power to entertain the proceeding and therefore must dismiss the petition. It is so ordered.

KRUCKER and HOWARD, JJ., concur.

Darrel G. Brown, Tucson, for petitioner.

Jessie B. Carnevale, Tucson, for respondents.

HATHAWAY, Chief Judge.

This special action challenges the jurisdiction of the juvenile court to proceed in a dependency proceeding. Since the jurisdictional challenge is well-taken, appellate intervention is appropriate.

Briefly, the procedural chronology is as follows. The petitioner and his ex-wife were divorced in Tucson, Arizona, in 1963, the custody of their minor daughter was awarded to the mother and petitioner was required to pay child support. On December 19, 1972, the mother, who had been residing in New Jersey with the child, filed a petition in juvenile court which recited inter alia:

"That said child an alleged dependent, has no means of providing herself with the