NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JEFFREY SCOTT PETERSON, *Plaintiff/Appellant*,

*v.*

ARIZONA CORPORATION COMMISSION, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0253
FILED 3-19-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2022-011823
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

---

COUNSEL

Carmen Chenal Horne Law Firm PLLC, Phoenix
By Carmen Chenal Horne
*Counsel for Plaintiff/Appellant*

Jeffrey S. Peterson, Mississauga, ON L5B 0C6 Canada
*Plaintiff/Appellant*

Arizona Corporation Commission, Phoenix
By Elizabeth M. Schmitt
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

**¶1**   This is an appeal from the superior court's order declining special action jurisdiction. Finding no abuse of discretion, we affirm.

## BACKGROUND

**¶2**   The Arizona Corporation Commission initiated an internal administrative action against Jeffrey Scott Peterson and others for violating the Arizona Securities Act, A.R.S. § 44-1801 *et seq.*, seeking penalties and other relief. Peterson unsuccessfully moved for dismissal and for summary judgment before the administrative law judge (ALJ).

**¶3**   Peterson then filed a special action complaint in the superior court, arguing that the Commission lacked personal jurisdiction and that he was exempt from liability under A.R.S. § 44-1844(A)(1) because the relevant transactions did not involve a public offering. The Commission asked the court to decline special action jurisdiction or, alternatively, deny relief. After considering briefing and oral argument, the court declined jurisdiction and did not address the merits. The court explained that Peterson sought relief from an interlocutory order, and that he would have an opportunity to defend himself in the administrative proceedings and appeal if dissatisfied with the outcome.

**¶4**   Peterson timely appealed the order declining jurisdiction.

## DISCUSSION

**¶5**   Where, as here, the superior court disposes of a special action solely by declining jurisdiction, our review is confined to that jurisdictional determination. *See State v. Johnson*, 184 Ariz. 521, 523 (App. 1994). We do not consider Peterson's arguments concerning the merits of his special action.

**¶6**   We review the superior court's decision whether to exercise special action jurisdiction for abuse of discretion. *Id.* "Acceptance of special

action jurisdiction is highly discretionary." *State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4 (App. 2001). Special action jurisdiction is inappropriate, except as statutorily authorized, "where there is an equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Special action jurisdiction is not favored to review an interlocutory order on an incomplete record. *Piner v. Superior Court (Jones)*, 192 Ariz. 182, 184, ¶ 8 (1998).

¶7         Here, the superior court acted well within its discretion by declining jurisdiction over Peterson's special action from the ALJ's interlocutory order denying his motions to dismiss and for summary judgment. The court reasonably concluded that Peterson has an equally plain, speedy, and adequate remedy via the normal procedures. Peterson may present evidence and argument at a hearing before the Commission. *See* A.A.C. R14-3-101(A), -104(A), -109(G). And after the hearing, if he does not prevail, he may file exceptions to the Commission's proposed order and appeal its final order. *See* A.A.C. R14-3-110(B) (parties may file exceptions once Commission issues proposed order); A.R.S. § 44-1981 (Commission's decision may be reviewed by superior court); A.R.S. § 12-913 (superior court's decision may be reviewed by supreme court).

¶8         We are unpersuaded by Peterson's argument that special action jurisdiction was required because the administrative proceedings will be costly and prolonged. Such factors alone do not compel the exercise of special action jurisdiction. *Caruso v. Superior Court (Ryle)*, 100 Ariz. 167, 171 (1966). Similarly, we are unpersuaded by Peterson's argument that special action jurisdiction was required because the statutory exemption he advanced presented a novel legal issue. Caselaw has discussed A.R.S. § 44-1844(A)(1)'s exemption, and it is a fact-dependent inquiry unique to each situation. *See Wales v. Ariz. Corp. Comm'n*, 249 Ariz. 263, 2760–71, ¶¶ 29–35 (App. 2020).

¶9         We also reject Peterson's argument that he was entitled to special action review because an ALJ cannot constitutionally adjudicate the matter. Peterson relies on *Jarkesy v. Securities & Exchange Commission*, in which a federal court held that defendants in a federal securities fraud enforcement action for penalties were entitled to a jury trial. 34 F.4th 446, 450, 454, 465 (5th Cir. 2022), *cert. granted*, 143 S.Ct. 2688 (2023). But Peterson raised no constitutional challenge until this appeal (even though *Jarkesy* predated his special action complaint), and we find no compelling reason to address that challenge now. *See Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503 (1987) (recognizing "issues of 'general statewide significance' are an

exception to the general rule that an appellate court will not consider issues not raised in the trial court").

**¶10**        *Jarkesy* is currently under review by the United States Supreme Court, *see* 143 S.Ct. 2688, and construes federal law in view of the Seventh Amendment right to a jury trial. *See* 34 F.4th at 450, 454, 465. Accordingly, *Jarkesy* will not be binding for the interpretation of Arizona administrative procedures. *See Wales*, 249 Ariz. at 270, ¶ 30 (recognizing that settled federal securities law is persuasive for interpreting state securities law with substantially similar provisions); *Fisher v. Edgerton*, 236 Ariz. 71, 81, ¶¶ 32–33 (App. 2014) (recognizing that Seventh Amendment does not apply to the states and that Seventh Amendment caselaw is persuasive regarding the construction of the state constitutional jury trial right). Further, the superior court's decision to decline special action jurisdiction does not preclude Peterson from raising constitutional arguments in the pending proceedings. *See Bilagody v. Thorneycroft*, 125 Ariz. 88, 92–93 (App. 1979) (affirming superior court's decision declining special action jurisdiction where appellant could challenge constitutionality of transportation department's hearing procedures in an appeal from his license suspension). Peterson has not shown that the superior court abused its discretion by declining special action jurisdiction.

**CONCLUSION**

**¶11**        We affirm.

