666 P.2d 532

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. S–1182.**

**No. 2 CA–CIV 4547.**

Court of Appeals of Arizona, Division 2.

April 27, 1983.

Review Denied June 30, 1983.

Gaila Davis, Tucson, for petitioners.

David A. Aguilar, Tucson, for respondent.

OPINION

BIRDSALL, Judge.

Appellants petitioned for severance of the parental rights of the father of a two-year-old child they were seeking to adopt. The child's mother had consented to the adoption. Appellants alleged that the natural father had abandoned the child. The juvenile court found that the father had not abandoned the child, denied the severance petition, and ordered that custody be transferred to the father.[1]

Appellants contend that the juvenile court (1) abused its discretion in failing to terminate the father's parental rights and in not considering the needs of the child, and (2) exceeded its jurisdiction in awarding custody to the father.[2] We affirm.

Our review of the evidence discloses that it fell far short of being "clear and convincing". *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Questions of abandonment and intent are questions of fact for resolution by the juvenile court judge. *Anonymous v.*

---

1. The findings mandated by A.R.S. § 8–538(A) were made pursuant to an order of this court in a special action.

2. We need not consider the additional contention that the order from which this appeal is taken should have been set aside. The claimed deficiency as to findings has been remedied.

*Anonymous,* 25 Ariz.App. 10, 540 P.2d 741 (1975). Abandonment is not predicated solely on the best interests of the child; the test is whether there has been conduct on the part of the parent which implies a conscious disregard of the obligations owed by a parent to his child, leading to the destruction of the parent-child relationship. *Matter of Juvenile Action No. S–624,* 126 Ariz. 488, 616 P.2d 948 (App.1980).

■ A.R.S. § 8–533(B)(1) provides:

"It shall be presumed the parent intends to abandon the child if the child has been left without any provision for support and without any communication from such parent for a period of six months or longer."

The juvenile court found that the natural mother and natural father had separated in approximately May 1981; that the father had previously had contact with the child and contributed support; that shortly after the child's birth the mother had left the child with the father's family for several months; that she and the child had resided with the father's sister; that after the separation in 1981, the whereabouts of the mother and child were not known to the father; and that the mother intentionally wanted to sever any relationship between father and child. The court also found that the father had a large extended family, including mother and sisters who would assist in the care of the child (the father's only child). These findings rebut the presumption of A.R.S. § 8–533(B)(1), and support a conclusion that the father's conduct did not evince a conscious disregard of the obligations owed to his child. *Matter of Juv. Action No. S–624, supra.*

We do not agree with appellants that the juvenile court judge ignored A.R.S. § 8–533(B), which states that, in considering any of the enumerated grounds, the court "may also consider the needs of the child," because the adoption examiner was not permitted to testify about what she understood "happened to the child." The adoption examiner admitted that she had no knowledge of the child's relationship with the father or his family, and, therefore, her opinion was based solely on the information received from the appellants. The court precluded the use of hearsay since the people who "actually experienced it" were there to testify.

■ Appellants maintain that the juvenile court judge exceeded his jurisdiction in awarding custody to the natural father. To the contrary, the court not only had jurisdiction, it could not award custody to anyone else absent a finding that the best interests of the child required substitution or supplementation of parental care and supervision. A.R.S. § 8–538(D). *And see Matter of Appeal in Maricopa County Juv. Action Nos. A–23498 and JS–2201,* 120 Ariz. 82, 584 P.2d 63 (App.1978). The natural mother had relinquished her rights, and, therefore, the natural father, who was determined to be fit, was entitled to the care, custody and control of his child absent such a finding. *See Caruso v. Superior Court,* 100 Ariz. 167, 412 P.2d 463 (1966); *and see In Re Winn,* 48 Ariz. 529, 63 P.2d 198 (1936); *Arizona State Dept. of Public Welfare v. Barlow,* 80 Ariz. 249, 296 P.2d 298 (1956). The appellants' reliance on *Evans v. Evans,* 116 Ariz. 302, 569 P.2d 244 (App. 1977) is misplaced. In *Evans* the situation involved a change of custody from one parent to another. Here one parent had relinquished custody, and the father's right to custody was superior to appellants'.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.