720 P.2d 548

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. JS–5609.**

**No. 1 CA–JUV 313.**

Court of Appeals of Arizona, Division 1, Department A.

May 29, 1986.

Streich, Lang, Weeks & Cardon, P.A. by Ronald Jay Cohen, John M. Welch, Phoenix, for appellant.

Michael J. Lyding, Phoenix, for appellee.

OPINION

EUBANK, Judge.

This is an appeal by Fred Michael McEuen (respondent) from the October 1, 1985 order terminating his parental relationship with his minor child, pursuant to A.R.S. § 8–533(A) & (B)(4).

Following a trial, the court made the following findings of fact:

1. The child Lindsay Lee Welch (DOB: 4–13–80) resides with the petitioner [mother] at her home in Maricopa County, Arizona on and since August 24, 1983, the date of the filing of the petition in this matter.

2. The respondent/natural father was served with process in person on September 15, 1983 and appeared in person and through counsel at the trial of this matter.

3. The petitioner, Ellen Stanfield (hereinafter referred to as petitioner) and the respondent, Fred Michael McEuen (hereinafter referred to as respondent) were married in August of 1979. They were divorced in May of 1980 at which time the custody of the child was vested in the mother with visitation rights and assessment of child support in the respondent.

4. On April 10, 1981 the respondent was sentenced to the Arizona State Prison for the offense of sexual assault committed on October 24, 1980 in violation of A.R.S. 13–1401, 1405. He was committed to the Arizona Department of Corrections for a period of nine years. The sentencing Court, the Honorable Rudolph Gerber, found aggravating circumstances sufficiently substantial to call for a term of incarceration of more than the presumptive term as set by statute. The offense involved the assault, and rape of a 60 year old female which involved injury to her vaginal area and dislocation of her elbow, bruised eye and a cut over her left eye requiring sutures. She also had numerous marks and bruises all over her face.

5. From the date of the divorce until his incarceration, the respondent kept in close contact with the minor child. Since his incarceration, his contact with the child has been sporadic, though it should be noted that the petitioner returned to him one of his letters to the child marked to the effect "Not At This Address—No Forwarding Address". This, in fact, was not true in that she and the child were living at the address to which he sent the letter.

In 1983 the petitioner found out the true facts regarding the crime for which the respondent had been sentenced to prison and because of that, and the fact that she wishes her present husband to adopt the child, filed this petition to terminate the child/parent relationship;

6. The respondent both pro per and through his attorney has vigorously fought the severance action since he was served with process. Since his incarceration, the respondent has had a significant change in his life style. He apparently has seriously addressed his alcohol and drug abuse problem, the former of which especially was responsible for him being in the situation he presently finds himself. He has attended college; received his A.A. degree; and has 90 credit hours toward a Bachelor's degree. His file is replete with letters from various individuals attesting to his scholarship and work history. He has also taken a significant number of courses involving alcohol and drug abuse problems;

7. Because of his incarceration, the child for all practical purposes does not know the respondent and in fact considers the petitioner's husband as her father.

On the basis of these findings, the court made the following conclusions of law:

1. The Court has jurisdiction over this matter pursuant to A.R.S. 8–531 et seq.

2. The petitioner has failed to carry her burden of proof as to the allegation of abandonment of the minor child by the respondent;

3. The respondent is deprived of civil liberties due to conviction of a felony

which is of such a nature (sexual assault on a 60 year old woman with extensive physical injuries) as to prove the unfitness of such parent to have future custody and control of a child. However, the respondent has rebutted the assessment of unfitness based on this past act by showing actual fitness at the time of the hearing;

4. The respondent is deprived of civil liberties due to conviction of a felony because the sentence was of such a length (9 years) the child will be deprived of a normal home for a period of years.

The court terminated respondent's parental relationship on the basis of the findings and conclusions of law. Respondent appeals contending, in effect, that the law does not support an A.R.S. § 8–533 termination.

A.R.S. § 8–533(A) and (B)(4), effective July 27, 1983, provides:

A. Any person or agency that has a legitimate interest in the welfare of a child, including, but not limited to, a relative, foster parent, physician, the department of economic security or a private licensed child welfare agency, may file a petition for the termination of the parent-child relationship alleging grounds contained in subsection B. The director of the department of economic security shall review and approve each petition filed by the department alleging grounds contained in subsection B, paragraph 6.

B. Evidence sufficient to justify the termination of the parent-child relationship shall include any one of the following, and in considering any of the following grounds, the court may also consider the needs of the child:

\*    \*    \*    \*    \*    \*

4. That the parent is deprived of civil liberties due to the conviction of a felony if the felony of which such parent was convicted is of such nature as to prove the unfitness of such parent to have future custody and control of the child, or if the sentence of such parent is of such length that the child

will be deprived of a normal home for a period of years.

Respondent argues that the length of his sentence would not deprive his daughter of a "normal home for a period of years." His contention is well summarized in his supplemental brief as follows:

Based *solely* on its above-stated finding that as a matter of law the sentence governing Mr. McEuen's incarceration was of such a length that his daughter will be deprived of a normal home for a period of years, the Court terminated Mr. McEuen's parental rights in his natural daughter.

Because the trial Court improperly applied A.R.S. § 8–533(4) to the instant case, in which it is uncontroverted that the minor child is currently placed in a normal home with her natural mother and stepfather, and in which it is uncontroverted that Mr. McEuen was eligible for parole at the time of the termination hearing and remains eligible for parole, Appellant respectfully requests that this Court: (1) find as a matter of law that the above-referenced portion of A.R.S. § 8–533(4) was improperly applied to the instant situation; (2) reverse the Trial Court's Conclusion of Law No. 4; and, (3) reinstate Mr. McEuen's parental rights in his natural child, Lindsay Lee Welch.

We disagree. The "normal home" referred to in the statute relates to respondent's obligation to provide a normal home, a home in which the respondent natural father has a presence, and it does not refer to a "normal home" environment created by the natural mother and the child's stepfather. Likewise, whether respondent may or may not make parole is irrelevant and does not control the language of A.R.S. § 8–533(A) and (B)(4). The record shows that appellant was sentenced to prison for an aggravated nine-year term in April of 1981 for sexual assault in violation of A.R.S. §§ 13–1401, 13–1402. At the time of the continued hearing on September 9, 1985, respondent still had five years to serve on his sentence. Section B of A.R.S.

§ 8–533 states that "Evidence sufficient to justify the termination of the parent-child relationship shall include ... if the sentence of such parent is of such length that the child will be deprived of a normal home for a period of years." The trial court found, in finding 7, that "[b]ecause of his incarceration, the child for all practical purposes does not know the respondent and in fact considers the petitioner's husband as her father." Respondent does not contest the findings. Thus, on the basis of the record, the trial court's order must be affirmed since we agree that nine years, or five years imprisonment at the time of hearing complies with the requirements of the statute as a matter of law.

Respondent relies on *In Re Matter of Juvenile Action Appeal No. S–624*, 126 Ariz. 488, 616 P.2d 948 (App.1980) for reversal. For some reason not apparent in the opinion, Division 2 did not discuss the applicable statutes. It relied instead on older cases which predated the statutes. We can only assume that counsel in that appeal did not call the statutes to the court's attention. We, therefore, do not find the case helpful in construing a statute that was not apparently considered.

The order is affirmed.

JACOBSON, P.J., and FROEB, C.J., concur.