785 P.2d 56

**In the Matter of the Appeal in PIMA COUNTY JUVENILE SEVERANCE ACTION NO. S–2462.**

**No. 2 CA–JV 89–0006.**

Court of Appeals of Arizona, Division 2, Department A.

July 18, 1989.

Peter W. Hochuli, Tucson, for natural father.

Edith A. Croxen, Tucson, for minors.

Robert K. Corbin, Atty. Gen. by James M. Howard, Tucson, for Dept. of Economic Sec.

## OPINION

PER CURIAM.

The natural father of a female child, born June 16, 1978, and a male child, born April 5, 1980, appeals the juvenile court's order terminating his parental rights. The Department of Economic Security (DES) has filed a motion to dismiss the appeal on the ground that appellant was appealing from a minute entry which was not a final order. The notice of appeal states that this appeal is taken from the Findings of Fact, Conclusions of Law and Order signed by the judge of the juvenile court on December 14, 1988. This was clearly a final order. DES's motion is denied and the decision of the juvenile court is affirmed.

## FACTS AND PROCEDURAL HISTORY

On April 26, 1988, DES filed a petition seeking the severance of the father's parental rights to the children who had been adjudicated dependents of the state on September 11, 1986. The petition alleged that the natural father had been convicted of the murder of the children's natural mother on November 27, 1986; that the conviction resulted in the denial of the natural father's civil liberties; that the nature of the crime proved his unfitness to have custody and control of his children; that the natural father had been sentenced to 25 years' imprisonment for the murder conviction and 10 years' imprisonment for violation of probation he was serving in connection with a 1984 conviction; and, that the prison sentences were of such a length that the children would be deprived of a normal home for a period of years. The petition further alleged that the natural father had abused the children.

On September 26, 1988, the juvenile court denied the natural father's motion to continue the severance hearing pending the outcome of the appeal of his criminal conviction. Before the hearing commenced on October 14, 1988, the natural father again moved for a continuance on this basis. The court refused to rehear the motion and proceeded with the hearing.

Evidence was presented at the hearing that the father had been convicted of the murder of the mother of the children and sentenced to 25 years to life in prison and that on December 22, 1986, after his probation was revoked in another matter, he was sentenced to 10 years' imprisonment. In addition, through the testimony of the deputy sheriff who was called to the scene of the mother's murder and the testimony of a clinical child psychologist, a clinical social worker/psychotherapist, and a DES social worker, evidence was presented that the children had either seen appellant murder their mother or, at the very least, had been subjected to tremendous emotional trauma and abuse by being permitted to see their mother's body after the murder. According to the testimony of these experts, the children were terrified of their father and his family. They also testified, however, that their fear was diminishing and they were progressing very well since contact with the father had ceased. The children were in foster care at the time of the severance hearing, but the DES social worker testified that there was a plan to have them placed in a long-term foster home. The foster parents of that home had expressed an interest in adopting them.

The juvenile court subsequently issued, in pertinent part, the following findings of fact:

## VI

The natural father willfully emotionally abused the children by allowing them to witness either the actual murder of their mother or at least to see her bloody body on the floor of their home shortly after her murder.

## VII

The natural father is deprived of civil liberties due to his sentence of twenty-five years to life without possibility for parole for first-degree murder of the natural mother....

## VIII

The natural father is deprived of civil liberties due to his sentence of ten years on revocation of his probation for conspiracy to commit a class 3 felony....

On the basis of these findings, the juvenile court made the following conclusions of law:

## III

The natural father has willfully abused both children and such abuse constitutes cause for termination of his parental rights pursuant to A.R.S. § 8–533(B)(2).

## IV

The natural father has been deprived of his civil liberties due to his conviction of a felony, to wit: First-degree Murder, the nature of which proves him unfit to have future care and control of the children. This constitutes cause for termination of his parental rights pursuant to A.R.S. § 8–533(B)(4).

## V

The natural father has been deprived of his civil liberties and sentenced to prison due to his conviction of felonies to wit: Murder and Conspiracy. The sentences on each of these offenses independently is of such length that the children will be deprived of a normal home for a period of years. This constitutes cause for termination of his parental rights pursuant to A.R.S. § 8–533(B)(4).

## VI

Petitioner has produced clear and convincing evidence establishing that the above grounds for termination of the parental rights exist and that such are valid.

■ The natural father's first argument on appeal is that the juvenile court erred by not continuing the severance hearing pending the outcome of his criminal appeal. In his reply to DES's response to his notice of appeal, the natural father points out that because his criminal conviction was overturned by the Arizona Supreme Court, at the very least, the severance should be remanded to the juvenile court to be continued until after his new trial. Because we find that grounds for severance exist which do not hinge upon the criminal conviction, we need not address the effect, if any, of the outcome of the criminal appeal upon the severance. Whether the juvenile court committed reversible error in denying the motion for a continuance, however, is a separate question which we now address.

A motion for continuance is directed to the sound discretion of the trial court. *City of Tucson v. O'Rielly Motor Co.*, 64 Ariz. 240, 168 P.2d 245 (1946); *Yates v. Superior Court in and for Pima County*, 120 Ariz. 436, 586 P.2d 997 (App.1978). The natural father's sole basis for the requested continuance was the fact that he was appealing the murder conviction, one of the grounds upon which DES based the severance petition. There is nothing in A.R.S. § 8–533(B)(4) which suggests that the juvenile court must wait for the parent convicted of a crime to exhaust all avenues of appeal before the court may proceed with a severance hearing. To interpret the statute otherwise would, we believe, indefinitely delay determinations regarding children whose best interests are at risk and require expedient consideration. Under the circumstances, we do not believe that the juvenile court erred in denying the natural father's motion to continue. *See In the Matter of the Appeal in Maricopa*

County Juvenile Action No. JS-5609, 149 Ariz. 573, 720 P.2d 548 (App.1986).

 The natural father's second argument on appeal is that the juvenile court erred in terminating his parental rights because there was no current plan for the adoption of his children. We find no support for this contention. Division One of this court has held that where severance was sought under A.R.S. § 8–533(B)(3) because of the natural father's history of chronic alcohol abuse which allegedly rendered him unable to discharge his parental responsibilities and under § 8–533(B)(6)(a) and (b) because of the children's length of time in out-of-home placement, severance should not have been granted on the latter basis because the children were probably unadoptable. *Appeal in Maricopa County Juvenile Action No. JS-6520*, 157 Ariz. 238, 756 P.2d 335 (App.1988). That case is distinguishable from the case before us. First, in the instant case DES did not seek severance under A.R.S. § 8–533(B)(6). Here, severance was sought on other grounds, including abuse. It is inconceivable that the legislature intended that a plan for adoption be a prerequisite to severance under circumstances such as in the case before us. Second, even assuming such a plan were required, it appears that the children were in a foster home and that DES was pursuing plans to have the children placed in a long-term foster home for eventual adoption. There is nothing in the record to suggest that the children in the case before us are unadoptable.

 Finally, the natural father argues that the juvenile court was not presented with clear and convincing evidence that he had willfully committed emotional abuse on the children. The juvenile court sits as the trier of fact in a termination proceeding and, on appeal, we must accept its ruling unless its finding is clearly erroneous. *Appeal in Pima County Severance Action S-1607*, 147 Ariz. 237, 709 P.2d 871 (1985); *Maricopa County Juvenile Action No. JS-4374*, 137 Ariz. 19, 667 P.2d 1345 (App. 1983). The standard of proof in a termination proceeding is clear and convincing evidence. *Appeal in Maricopa County*

*Juvenile Action No. A-26961*, 135 Ariz. 228, 660 P.2d 479 (App.1982). Notwithstanding the fact that the natural father's criminal conviction was overturned on appeal, there was sufficient evidence presented at the severance hearing from which the juvenile court could have concluded that the children either witnessed the natural father murder their mother or, at the very least, were exposed to her body after the murder occurred. The testimony regarding the emotional impact this had upon the children is overwhelming. Moreover, there was ample evidence of a history of domestic violence and physical abuse with regard to both children, and possible sexual abuse of the male child. Based upon our review of the record before us, we believe that the evidence supports the juvenile court's findings.

The decision of the juvenile court is affirmed.