790 P.2d 307

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE SEVERANCE ACTION NO. S-2710.**

No. 2 CA-JV 89-0046.

Court of Appeals of Arizona, Division 2, Department A.

April 10, 1990.

Carol Korhonen, Tucson, for father.

Peter W. Hochuli, Tucson, for minor.

Lieberthal & Kashman, P.C. by David H. Lieberthal, Tucson, for mother.

## OPINION

ROLL, Presiding Judge.

The natural father of a minor male child born December 21, 1987, appeals from the juvenile court's termination of his parental rights. For the reasons stated below, we affirm.

## FACTS

At the time of the child's birth, the parents were living together although they never married. Also at that time, the father was on probation for a prior felony conviction. On February 1, 1988, the father, who was apparently in violation of the conditions of his probation, left the mother and the child. The natural father has not seen the child since his departure. Although the mother changed her telephone number, she gave the new number to the paternal grandparents. Based upon the testimony presented at the contested severance hearing on October 5, 1989, it appears

that the father was a fugitive from February to May 1988, at which time he was arrested. While he was in custody, he contacted the mother by telephone and correspondence inquiring about the child. After his release from jail on June 10, 1988, he did not contact the mother by any means. The mother did change her phone number again but continued to work for the same employer and live at the same residence. The father provided no support for the child after June 1988.

On January 31, 1989, the father was arrested again. His probation was revoked and he was sentenced to five years' imprisonment on the original charge of possession with intent to distribute cocaine. The father's earliest release date is August 1992.

## PROCEDURAL BACKGROUND

In April 1989, the mother filed a severance petition alleging that the father had abandoned the child, that he had been deprived of his civil liberties due to the conviction of a felony and that because of the length of his incarceration he would not be able to provide a normal home for or have contact with the child. A severance hearing was set for July 10, 1989. The father, who was serving his sentence in Lompoc, California, filed a motion to continue the severance hearing until after his then-anticipated release date of May 23, 1992, adding that he was still capable of supplying some minimal support for the child, although he had not done so. The motion was denied although the hearing was reset for October.

On October 13, 1989, following a contested severance hearing which the father did not attend, the juvenile court ordered the severance. The juvenile court's findings and conclusions include the following:

After his release on June 10, 1988, he had no further contact with the baby (the minor) or [the mother]. It should be noted that he remained out of jail until January 31, 1989. The records and evidence reflect no attempt to contact or provide support for the minor whatsoever after June 10, 1988.

Unlike before, there was no warrant for his arrest. His failure to contact remains unsatisfactorily explained. The mother remained in the same residence throughout this time period; a residence in which they had both lived prior to his leaving the minor and [the mother]. His parents still had contact with [the mother] and the minor.

After reviewing all the evidence,

THE COURT CAN FIND no satisfactory reason whatsoever for the father's failure to contact, at any of the times stated above, whether there was a warrant for his arrest or not. The evidence indicates an intentional and complete disregard of the obligations owed by the parent to his child by [the father].... [H]is conviction and subsequent incarceration must be considered and the Court does so to the extent as to how long it will be before the child will have the opportunity for significant contact with the father, outside a prison, since it appears from the father's own exhibit that his release will not occur before August, 1992, when the child will be almost five years old. At this time, there is no question that the father would be a stranger to the child. The Court is faced with the dilemna [sic] of whether or not a five-week old baby, at the time of the father's disappearance, would have any meaningful relationship with his father with no contact from the age of five to six weeks until just before his fifth birthday.

The Court is convinced that, for all practical purposes, the minor would, therefore, be nothing more than a stranger to his father.... In weighing that time element, the Court believes that the best interest of the child will be served by GRANTING the severance requested by the Petitioner and does so.

The father appeals from this order.

## ISSUES ON APPEAL

On appeal, the father raises the following arguments: (1) the mother failed to establish by clear and convincing evidence that the father abandoned the child or engaged in any other conduct constituting a

statutory ground for severance; (2) the mother failed to prove by clear and convincing evidence that continuing the father's parental relationship would be detrimental to the child and that the severance was in the child's best interests; and (3) the court erred in granting the severance without the social study required by statute.

## STANDARD OF REVIEW

The standard of proof in a termination proceeding is clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *Maricopa County, Juvenile Action No. A-26961*, 135 Ariz. 228, 660 P.2d 479 (App. 1982). On appeal, we will accept the ruling of the juvenile court unless its findings are clearly erroneous. *Pima County Severance Action No. S-1607*, 147 Ariz. 237, 709 P.2d 871 (1985); *Pima County Juvenile Action No. S-2462*, 162 Ariz. 536, 785 P.2d 56 (Ct.App.1989). Additionally, we will accept the court's findings unless there is no reasonable evidence to support them. *Yuma County Juvenile Court Action Number J-87-119*, 161 Ariz. 537, 779 P.2d 1276 (App.1989).

## ABANDONMENT

■ In order to support a finding of abandonment under A.R.S. § 8–533(B)(1), the evidence must establish "intentional conduct on the part of a parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." *Anonymous v. Anonymous*, 25 Ariz.App. 10, 12, 540 P.2d 741, 743 (1975). In *Pima County Severance Action No. S-1607*, 147 Ariz. at 238, 709 P.2d at 872, the supreme court reiterated this test and added:

> Although the best interest of the child is a valid factor in deciding an abandonment issue, it cannot be the sole basis for termination. Rather, the appropriate test is whether there has been a conscious disregard of the obligations owed by a parent to a child, leading to the destruction of the parent-child relationship. [*Anonymous, supra*]. As these terms are somewhat elastic, issues of

abandonment and intent are generally questions of fact to be resolved by the trial court.

■ The evidence established that the father has not seen the child for over two years, has not contacted the mother since the child was six months old, and has given the child no support since the child was six months old. Although the paternal grandparents testified that after June 1988, they gave the child $125 on behalf of the father, the trial court was in the best position to weigh this evidence. *Pima County Juvenile Action No. S-1182*, 136 Ariz. 432, 666 P.2d 532 (App.1983).

Clear and convincing evidence of abandonment was presented by the mother.

## PROOF THAT CONTINUING RELATIONSHIP WITH FATHER WOULD BE DETRIMENTAL AND THAT SEVERANCE WAS IN CHILD'S BEST INTERESTS

Appellant argues that even if abandonment was established, the termination of his parental rights was erroneous because the evidence was not clear and convincing that continuation of the parental relationship would be detrimental to the child and because the evidence did not establish that termination was in the child's best interests, relying upon *Maricopa County, Juvenile Action No. JS-500274*, 163 Ariz. 19, 785 P.2d 588 (Ct.App.1989).

■ We disagree. The juvenile court did find that severance was in the child's best interests, a conclusion amply supported by the evidence. The record shows that the mother provides the child with a stable and loving environment. Furthermore, the father will not be released from prison until 1992, at which time the child will be over four years old and will not have seen his father since he was one month old.

■ In addition, we do not believe that *Santosky v. Kramer, supra*, cited by Division One in *Maricopa County, Juvenile Action No. JS-500274, supra*, requires clear and convincing evidence either that severance is in the child's best interests or

that continuation of the parental relationship would be detrimental to the child. *Santosky* holds only that, because parents have a fundamental liberty interest in the care and custody of their children, due process requires that facts alleged in support of a severance petition be proved by clear and convincing evidence. The court did not address, much less decide, whether proof of particular facts, such as the best interests of the child, is constitutionally required.

A.R.S. § 8–533 provides that in considering any of the statutory grounds for termination, "the court *may* also consider the needs of the child." (Emphasis added.) This has been interpreted to mean that where statutory grounds for severance do exist, severance may nevertheless be denied on the ground that it would not be in the child's best interests. *Maricopa County Juvenile Action No. JS–6831*, 155 Ariz. 556, 748 P.2d 785 (App.1988); *Maricopa County, Juvenile Action No. JS–3594*, 133 Ariz. 582, 653 P.2d 39 (App.1982). This permissive approach affords the trial court much needed flexibility. A.R.S. § 8–533 does not require, in addition to clear and convincing proof that the child was abandoned, clear and convincing proof that severance is in the child's best interests and that denial of severance would be detrimental to the child. Furthermore, because we hold that clear and convincing evidence as to these issues is not a prerequisite to severance, we reject the father's suggestion that the mother was impermissibly allowed to expand her petition so as to include the child's best interests.

## SOCIAL STUDY

The father also argues that the trial court erred in not ordering a social study in accordance with A.R.S. § 8–536(A). In that regard, the trial court found as follows:

It should be noted that no social study was filed in this case. The Court was asked by both the Petitioner and the minor's attorney to waive the social study. The Court has agreed to do so. The Court feels that all the information necessary for this case was introduced at the trial of the matter and any further social study would only result in self-serving statements from [the father] about his purported ideas about prospects in the future of the child.

Section 8–536(B) provides that the court may waive the social study when the court finds that to do so would be in the best interests of the child. We cannot say that the court's waiver of the social study requirement was erroneous. Evidence was presented on all crucial issues that a social study would likely address, such as the parents' social history, the conditions of the mother and the child, descriptions of the mother's residence, the mother's employment status, child care arrangements, and plans for the child's care generally. Information regarding the father was provided through the testimony of his parents and his brother. We find no prejudice to the father in the court's failure to conduct such a study. Additionally, we find the father's reliance on *Maricopa County Juvenile Action No. JS–500274* inapposite, as that case involved an inadequate interview with the father. The father has failed to demonstrate that prejudice has resulted from the lack of a social study.

The trial court's severance of the father's parental rights is affirmed.

HATHAWAY and HOWARD, JJ., concur.