793 P.2d 566

**In the Matter of the Appeal in COCHISE COUNTY JUVENILE DEPENDENCY ACTION NOS. SV89–00023 AND DP89–00018.**

**No. 2 CA–JV 90–0005.**

Court of Appeals of Arizona, Division 2, Department B.

May 31, 1990.

Robert Arentz, Cochise County Public Defender by Laura Cardinal, Bisbee, for minor.

Robert K. Corbin, Atty. Gen. by Edith A. Croxen, Tucson, for the State.

Law Offices of Cynthia D. Ettinger by Cynthia D. Ettinger, Sierra Vista, for parents.

## OPINION

FERNANDEZ, Chief Judge.

The 14–year–old female minor appeals from the juvenile court's acceptance, over her objection, of a stipulation between her adoptive parents and the Arizona Department of Economic Security (DES) permitting the parents to relinquish their parental rights. We vacate the court's order accepting the stipulation.

## FACTS AND PROCEDURAL HISTORY

The parents adopted the minor in August 1986 when she was ten years old. After she ran away from home in March 1989, the parents refused to allow her to return and voluntarily placed her at the Cochise County Children's Center. The child was declared a temporary ward of the state and was adjudicated dependent on May 15, 1989, after the parents refused to attempt to reunify the family. The parents filed a petition on May 2 to terminate their parental rights.

On June 9, the minor moved to intervene in the severance, to consolidate the dependency and severance, and to have counsel appointed to represent her in the severance. The motion to consolidate was granted, and the court found the motion to appoint counsel moot because of the consolidation. The minor then filed a response to the severance petition, arguing that none of the statutory grounds for severance had been established, that severance was not in her best interests, and that in the event severance was ordered, the court should determine the appropriate amount of child support.

At the hearing on the petition, DES and the parents submitted a stipulation providing that the parents would pay DES $294.00 per month for six months "as and for support payments for the child"; the parents would be available for separation counseling with the minor, with DES to be responsible for its cost; and DES would accept the parents' relinquishment of rights "at such time as the [parents] have made a good faith effort to fulfill the terms of this agreement." DES's attorneys avowed that the agreement was in the minor's best interests. The juvenile court accepted the stipulation over the minor's vigorous objection, executed an order in accordance with the stipulation, and set a three-month review hearing to determine whether DES had accepted the relinquishment.

■ This court has jurisdiction of the appeal because the signed and filed order disposing of all issues is a final and appealable order, see In re Yavapai County Juvenile Action No. J–8545, 140 Ariz. 10, 680 P.2d 146 (1984), and the minor is an aggrieved party. A.R.S. § 8–236(A).

On appeal, the minor argues that as a party to the severance proceeding, she was entitled to full participation and that the juvenile court's acceptance of the stipulation over her objection deprived her of that participation. She argues that the stipulation resulted in severance without a hearing and avoided the requirement that statutory grounds for severance be established by clear and convincing evidence. Moreover, she claims that the court's failure to hear evidence and to enter findings on her best interests violated her due process rights and deprived her of her right to claim support from her parents. Finally, she points out that the dependency and severance proceedings were "on a collision course" from the beginning and, because of the juvenile court's acceptance of the stipulation, no efforts were or will be made to reunite the family.

## MINOR'S RIGHTS IN A SEVERANCE

■ The minor has the right to participate in a severance proceeding involving her. Due process requires the appointment of independent counsel for the minor in some cases, particularly "where there are conflicts of interest such that a child's best interests are not fully explored, advocated, or included in the record." Yavapai County Juvenile No. J–8545, 140 Ariz. at 16, 680 P.2d at 152. In this case, because the positions of DES and the parents were identical and, for all practical purposes, adverse to the child's, meaningful participation by the minor's counsel was crucial,

including an opportunity to present evidence as to the child's best interests.

### EFFECT OF STIPULATION

■ DES argues that it agreed to accept the parents' consent to adoption pursuant to A.R.S. § 8–106 if the parents fulfilled the obligations of the stipulation and dismissed the severance petition, which it claims the juvenile court did. The record does not reflect that the petition was dismissed, contingently or otherwise. In any case, the court's acceptance of the stipulation resulted, at the very least, in a de facto termination, committing the child to dependency and foster care until either her eighteenth birthday or her adoption by another family, an unlikely event. Indeed, counsel for the parents stated at the hearing that the reason they would dismiss the petition is because the state's acceptance of their relinquishment would allow them to "technically" accomplish a severance.

The effect of the acceptance of the stipulation was twofold. First, the parents were able to circumvent the statutory requirements of A.R.S. §§ 8–533 through 8–538, which deprived the minor of an opportunity to present evidence that severance would not be in her best interests. Second, it rendered the child per se dependent and ensured that no efforts would be made to reunify the family.

Although voluntary relinquishment of parental rights to an agency or consent to an adoption can be one ground for severance, A.R.S. § 8–533(B)(5), the relinquishment or consent must be attached to the petition at the time it is filed, A.R.S. § 8–534(B). Moreover, a hearing is required, no matter which statutory ground is the basis of the petition. *See* A.R.S. §§ 8–535 and 8–537. Finally, an order granting or denying the termination must be entered. A.R.S. § 8–538. If severance is granted, the order must state the findings on which it is based. *Id.* The following historical note to A.R.S. § 8–531 reveals a legislative intent that the judicial process not be circumvented as it was in this case:

The purpose of this act is to provide for voluntary and involuntary severance of the parent-child relationship and for substitution of parental care and supervision by judicial process which will safeguard the rights and interests of all parties concerned and promote their welfare and that of the state. Implicit in this act is the philosophy that, wherever possible, family life should be strengthened and preserved and that the issue of serving the parent-child relationship is of such vital importance as to *require a judicial determination in place of attempts at severance by contractual arrangements, express or implied, for the surrender or relinquishment of children.*

Laws 1970, Ch. 153, § 1 (emphasis added).

In this case, whether the petition was granted or dismissed, a severance was effectively accomplished simply by the court's acceptance of the stipulation. Perhaps most significantly, however, the child was not permitted to submit evidence that severance would not be in her best interests. A.R.S. § 8–533(B) provides that in considering any of the statutory grounds for severance, "the court may also consider the needs of the child." This permits a juvenile court to deny severance when it would not be in the best interests of the child, even though a statutory ground has been established. *In re Maricopa County Juvenile Action No. JS–6831*, 155 Ariz. 556, 748 P.2d 785 (App.1988); *see also In re Pima County Juvenile Severance Action No. S–2710*, 164 Ariz. 21, 790 P.2d 307 (App.1990). Although the court is not required to consider such evidence, in this case, the minor was not even given the opportunity to present evidence.

■ Additionally, the minor filed a motion requesting a social study pursuant to A.R.S. § 8–536(A). The motion was never ruled on. It appears that once the parents made it clear that they did not want the minor to return to their home, little was done to avoid severance. Parental rights should be terminated only after concerted efforts have failed to preserve the parent-child relationship. *In re Maricopa County Juvenile Action No. JS–6520*, 157 Ariz.

238, 756 P.2d 335 (App.1988). "Towards this end DES has an affirmative duty to make all reasonable efforts to preserve the family relationship." *Id.* at 241, 756 P.2d at 338. Here, DES all but gave up on the family, concluding that the parents had abandoned the minor. Nor did the court order the parents to attend counseling geared toward reunification. The only counseling ordered pursuant to the stipulation was to ease the blow of rejection and separation. By the time the court accepted the stipulation, even the minor had apparently lost interest in reunification. The fact that the minor was adopted should have made no difference in the severance procedure. Adopted children are entitled to the same rights as natural children.

## CHILD SUPPORT

■ We also agree with the minor that the court should have entered an order for her support. Even if the parents' rights are terminated, their duty to provide support remains until a final order of adoption is entered. A.R.S. § 8–539. *See also* A.R.S. §§ 12–2451(A) and 12–2453. The stipulation only required the parents to defray the cost of providing foster care for six months. The parents had notice of the minor's claim, which was raised in the response to the severance petition. For reasons of judicial expediency and economy, we believe that the child support issue should be determined in the proceeding below, instead of requiring that the child commence a separate action against the parents for support.[1]

## DEPENDENCY

■ Finally, we consider the effect of the court's order on the dependency. In the initial report to the court, the caseworker concluded that the parents had abandoned the child because they did not want her returned to their home, noting the mother's adamant refusal to allow the daughter to return and the father's apparent ambivalence about it. The caseworker recommended that further efforts be made towards reunification. The child was subsequently found dependent.

The parents then filed the severance petition, alleging that because of the child's disruptive behavior, they were no longer willing to maintain a parent-child relationship with her and that efforts at counseling had proved unsuccessful. The only family counseling noted in the record was for a brief period at the children's center shortly after she ran away from home. The foster care review board report indicates that the minor continued in counseling after she was placed in a foster home in April and that she has not seen the parents since then. There is no indication of any specific efforts at reunification of the family. The case plan for the child is long-term foster care. The stipulation requires only that the parents make themselves available for separation counseling, an objective that is diametrically opposed to the goals in a dependency proceeding.

It appears that once the parents expressed their desire to sever, no serious efforts were made to reunify the family. The child was permitted to become dependent indefinitely. Indeed, by the time of the hearing, the minor's counsel reported that tensions were so strong, the child no longer wanted to live with the parents. Once DES obtained an agreement it was satisfied with, it simply gave up on this family's chance for reunification. The result might have been the same even if the court had rejected the stipulation. However, at the very least, the child should have had the opportunity to present evidence that severance would not be in her best interests. Perhaps, then, more concerted efforts would have been made by all parties to reunify the family and fulfill the primary goal of dependency proceedings. *See* A.R.S. § 8–515(H). By accepting the stipulation without considering what efforts had or could be made toward reunification or as to the child's best interests, the juvenile

---

1. Even if the child remains dependent and is cared for by DES, child support may still be ordered. *See* A.R.S. § 41–1954(B).

court abdicated its responsibilities to the child.

The court's formal order and minute entry dated November 30, 1989 are vacated. This matter is remanded for further proceedings consistent with this decision.

LIVERMORE, P.J., and LACAGNINA, J., concur.