NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HEATHER R., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, M.R., O.R., *Appellees*.

No. 1 CA-JV 16-0227
FILED 1-24-2017

Appeal from the Superior Court in Maricopa County
No. JD28158
The Honorable Cari A. Harrison, Judge

**AFFIRMED**

COUNSEL

David W. Bell, Mesa
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge Patricia A. Orozco[1] delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Michael J. Brown joined.

---

**O R O Z C O**, Judge:

**¶1**        Heather R. (Mother) appeals the juvenile court's order terminating her parental rights to her children, M.R. and O.R.  For the following reasons, we affirm.

**BACKGROUND**

**¶2**        Mother is the biological mother of M.R., born in 2005, and O.R., born in 2010.  In April 2014, the Department of Child Safety (DCS) took custody of the children after learning Mother had left them with their maternal grandmother for an extended period without providing her with legal authority to care for them.  At the time of the removal, grandmother had not heard from Mother in more than a month and Mother was presumed to be homeless and using illegal drugs.  DCS filed a dependency petition, alleging Mother had neglected the children, and in June 2014, the juvenile court adjudicated the children dependent as to Mother.

**¶3**        In October 2014, Mother met with a DCS caseworker and admitted she was currently using methamphetamine, and declined to participate in substance abuse treatment or reunification services.  In May 2015, Mother again met with the caseworker and thereafter attended some parent aide visits, but continued using methamphetamine until at least October 2015.

**¶4**        In July 2015, DCS filed a motion to terminate Mother's parental rights, alleging abandonment under Arizona Revised Statutes

---

[1]        The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

(A.R.S.) section 8-533.B.1 (2016).[2] In August 2015, DCS filed an amended motion, adding the statutory grounds of nine and fifteen months' out-of-home placement under A.R.S. § 8-533(B)(8)(a) and (c) (2016).

**¶5** In September 2015, Mother participated in a psychological evaluation with Dr. Ashley Hart. Dr. Hart recommended Mother participate in inpatient treatment to address her substance abuse. However, Mother continued to refuse treatment. Mother tested positive for methamphetamine twice in September 2015 and tested just three more times in the five months preceding the severance adjudication.

**¶6** On February 17, 2016, the juvenile court held a one-day contested severance hearing and on February 24, the court issued its ruling terminating Mother's parental rights to the children on all grounds alleged. The court also found termination of Mother's parental rights was in the best interests of the children.

**¶7** We have jurisdiction over Mother's appeal, filed out of time by leave of the superior court, under A.R.S. §§ 8-235.A (2016), 12-120.21.A.1 (2016), and 12-2101.A.1 (2016).

## DISCUSSION

**¶8** Mother asserts the juvenile court erred in terminating her parental rights on the abandonment ground because she "cured" the abandonment in the final months before the severance hearing by reengaging in the children's lives. Mother also challenges the court's ruling on the nine- and fifteen-month out-of-home placement grounds, arguing DCS failed to provide her with adequate American Sign Language translation services to accommodate her hearing disability, and thus failed to make a diligent effort to provide her with reunification services.[3] Because sufficient evidence in the record supports termination based on abandonment, we need not address Mother's contentions as to the other grounds. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000) (holding if reasonable evidence supports termination on any one statutory ground, this court need not consider challenges pertaining to other grounds).

---

[2] Absent material revision after the relevant date, we cite a statute's current version.

[3] Mother does not contest the best interests finding, which the record adequately supports.

¶9 The juvenile court may terminate a parent's rights if it finds one of the statutory grounds by clear and convincing evidence, and the termination is in the child's best interests. *Kent K. v. Bobby M.*, 210 Ariz. 279, 281–82, 288, ¶¶ 7, 41 (2005) (interpreting A.R.S. § 8–533.B). We review an order terminating parental rights for an abuse of discretion and will affirm if the order is supported by sufficient evidence in the record. *Calvin B. v. Brittany B.*, 232 Ariz. 292, 296, ¶ 17 (App. 2013). As the trier of fact in a termination proceeding, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

¶10 Section 8-533(B)(1) provides for termination of parental rights in the case of abandonment. "Abandonment" means "the failure of a parent to provide reasonable support and to maintain regular contact with [her] child, including providing normal supervision." A.R.S. § 8-531.1. A termination order based on abandonment must include a judicial finding "that a parent has made only minimal efforts to support and communicate with [her] child." *Id.* A parent's "[f]ailure to maintain a normal parental relationship with [her] child without just cause for a period of six months constitutes prima facie evidence of abandonment." *Id.* Whether a parent has abandoned her child is a question of fact to be resolved by the juvenile court. *Pima County Juv. Action No. S–1182*, 136 Ariz. 432, 432 (App. 1983). In determining whether a parent has abandoned a child, a court may consider factors such as whether the parent has provided "reasonable support, maintained regular contact with the child and provided normal supervision." *Kenneth B. v. Tina B.*, 226 Ariz. 33, 37, ¶ 18 (1994) (internal quotations omitted).

¶11 Mother testified at the severance hearing that she visited her children "on [her] own" once every two or three months during the six-month period between April and October 2014. However, the DCS caseworker testified that after she met with Mother in October 2014, DCS closed out two referrals for parent aide services because Mother failed to contact the parent aide. The caseworker also testified that after finally engaging in services in May 2015, Mother only sporadically attended visits and did not call to cancel a few of the times she had failed to show up. Mother admitted she had only visited the children a total of four to six times between October 2015 and February 2016. Mother also admitted she did not provide the children with food or any significant financial support during the entire period of the dependency. Mother's own testimony shows she had very limited and inconsistent interaction with the children

and she did not provide for their care or support for more than a year. This evidence is sufficient to support the court's finding of abandonment.

¶12 Mother concedes in her brief on appeal she "was primarily absent from the children's lives for the first fifteen months of this case." Despite this concession, however, Mother asserts "she has overcome or cured" the abandonment "by resuming her relationship with the children over the seven months prior to the termination trial." We do not find evidence in the record supporting this assertion. "[A] prima facie case of abandonment cannot automatically be considered rebutted merely by post-petition attempts to reestablish a parental relationship. Such an automatic rule would virtually eliminate any possibility of success for a petition in a contested termination action." *Maricopa Cnty Juv. Action No. JS-500274*, 167 Ariz. 1, 8 (1990). As noted *supra* ¶ 11, Mother was sporadic in attending her visits even in the months leading up to the severance hearing. On this record, the juvenile court properly found Mother has failed to rebut the prima facie case of abandonment established by her lengthy absence from the children; and we uphold the court's ruling terminating Mother's parental rights under A.R.S. § 8-533.B.1.

**CONCLUSION**

¶13 For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights to M.R. and O.R.



AMY M. WOOD • Clerk of the Court
FILED: AA