NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TRACI E., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.W., *Appellees*.

No. 1 CA-JV 16-0342
FILED 3-14-2017

Appeal from the Superior Court in Maricopa County
No. JD 22953
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Gates Law Firm LLC, Buckeye
By S. Marie Gates
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

**D O W N I E**, Judge:

**¶1**   Traci E. ("Mother") appeals an order terminating her parental rights to daughter A.W.[1]  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

**¶2**   The Department of Child Safety ("DCS") initiated an investigation after receiving a report that Mother had struck A.W.  DCS learned that Mother was permitting unrelated adults to share A.W.'s room.  Two men, including a registered sex offender, had sexually abused A.W.  Additionally, A.W. told Mother she had been molested by her father, but Mother did not report the abuse, instead urging the child to "keep it secret."

**¶3**   A.W. was adjudicated dependent.  The case plan initially called for reunification, but it later changed to severance and adoption, and DCS moved to terminate Mother's parental rights.

**¶4**   At the outset of the severance trial, Mother orally requested a continuance because she had participated in a psychological evaluation the preceding day and wanted the court to consider the results.  The juvenile court denied the request and proceeded with the severance trial, later issuing an order terminating Mother's parental rights.

**¶5**   Mother timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 8-235(A).

---

[1]  A.W.'s father's parental rights were also terminated, but he is not a party to this appeal.

[2]  We view the facts in the light most favorable to affirming the juvenile court's ruling.  *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 82, ¶ 13 (App. 2005).

**DISCUSSION**

**¶6**        Mother contends the juvenile court abused its discretion by denying her continuance request and also challenges the determination that severance was in A.W.'s best interests.[3]

**I.        Continuance Request**

**¶7**        A court shall grant a motion to continue "only upon a showing of good cause." Ariz. R.P. Juv. Ct. 46(F). "Motions to continue are addressed to the sound discretion of the trial court and its decision will not be reversed absent a clear abuse of discretion." *In re Yavapai Cty. Juv. Action No. J-9365*, 157 Ariz. 497, 499 (App. 1988). "An abuse of discretion is 'discretion manifestly unreasonable, or exercised on untenable grounds or for untenable reasons.'" *Miller v. Superior Court*, 189 Ariz. 127, 129 (App. 1997) (citation omitted).

**¶8**        In evaluating Mother's oral continuance request, the court expressed concern that the proceedings had been pending for a considerable period of time. *See In re Pima Cty. Juv. Severance Action No. S02462*, 162 Ariz. 536, 538 (App. 1989) (delays in permanency for a child may be relevant in assessing a continuance request). The severance trial had already been continued once at the parents' request. Furthermore, Mother had undergone three previous psychological evaluations, and nothing in the record suggests she was prejudiced by the absence of a report from the most recent evaluation. Mother simply speculates that the evaluation "could have provided a professional opinion as to whether the child would now be safe with [M]other." *Cf. State v. Williams*, 144 Ariz. 433, 441 (1985) (decisions regarding continuances will not be disturbed on appeal absent a clear abuse of discretion *and* ensuing prejudice).

**¶9**        The record demonstrates no abuse of discretion in denying Mother's continuance request.

---

[3]        To the extent Mother is also challenging the underlying dependency finding, that issue is not properly before us, as Mother did not timely appeal the dependency order. *See, e.g., Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 513, ¶ 4 (App. 2000) (orders declaring a child dependent are final and appealable).

## II.    Best Interests

**¶10**    In addition to finding a statutory ground for severance, the court must find by a preponderance of the evidence that termination of parental rights is in the child's best interests. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005).   We will not disturb the juvenile court's order "unless its factual findings are clearly erroneous, that is, unless there is no reasonable evidence to support them." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2 (App. 1998).   A best interests finding requires a showing that the child will "derive an affirmative benefit from termination or incur a detriment by continuing in the relationship." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 6 (App. 2004).

**¶11**    In addressing A.W.'s best interests, the juvenile court concluded neither parent could provide "a stable and safe environment" and found that although A.W. "loves her parents, she has expressed a desire to remain in a safe and stable environment."   The court observed that A.W. "deserves the permanency that adoption will offer."

**¶12**    The record supports these findings.  A.W. stated she did not feel safe in her parents' care and did not wish to live with them.  At the time of the severance trial, A.W. was in an adoptive placement that was meeting all of her needs, and she had made behavioral and academic strides. *See Audra T.*, 194 Ariz. at 377–78, ¶¶ 5–6 (analyzing best interests by considering availability of adoptive placement and whether existing placement was meeting child's needs).  A.W. repeatedly stated that she wanted the juvenile court proceedings to end so that she could live a normal life.

**¶13**    Sufficient evidence supports the juvenile court's best interests determination.

**CONCLUSION**

¶14 For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED: AA